## WILLIAM KING v. WM. B. GRAY.

Where an interrogatory in a deposition was objected to at the trial on the ground of irrelevancy and generality, and the objection was sustained, this Court refused to revise the ruling, because the bill of exceptions did not state the answer of the witness.

Where interrogatories in a deposition were objected to at the trial, on the ground that they were based on a preceding interrogatory which had been excluded, and the objection was sustained, the Court refused to revise the ruling, because the bill of exceptions did not state the answers to the interrogatories.

Where a locator has contracted to make a location on the waters of a certain creek, and pay the expenses of perfecting the title, in consideration of the owners's bond to convey him a part of the land, and makes the location and has the land surveyed, but is prevented from perfecting the title by the fault of the owner, in a suit on the bond, by the locator, for damages, it would seem that the defendant might prove in mitigation of the damages, that the plaintiff located another certificate upon the same land, so that it was not lost to him.

Bills of exception to the exclusion of the testimony should state facts enough in addition to the evidence excluded, if necessary, to show the relevancy and materiality of the evidence.

Where a motion for new trial is not on the ground that the evidence was insufficient to warrant the verdict, but that it was insufficient in certain particulars which are not important; and the assignment of error is simply that the Court erred in overruling the motion for a new trial, this Court will not enquire whether the evidence is insufficient to sustain the verdict, in particulars not stated in the motion for new trial.

Where the Court below has refused to grant a new trial on the ground that a witness, when on the stand, could not recollect a material fact, which, by due attention, might have been recollected; or inadvertently omitted to state a material fact known to him, the judgment, if not otherwise impeached, will not be reversed. But where it appears that a witness has purposely withheld from the party information of a material fact, the case is different; and such being the case here, the judgment was reversed.

Appeal from Jasper. Tried below before the Hon. Archibald W. O. Hicks.

Suit commenced Oct. 4th, 1853, by appellee against appellant on a bond in the penal sum of twelve hundred dollars, reciting that the defendant had delivered to the plaintiff Ennis Hardin's headright certificate for two thirds of a league and labor of land, which plaintiff was to locate on the waters of Beach Creek, in the county of Tyler, and defray all the expenses in perfecting the title; and conditioned that the defendant should make to the plaintiff a good and *bona fide* title to one-third of said land, to be divided into three equal parts and drawn for by the parties, if they could not otherwise agree.— The bond was dated September 25th, 1851. After alleging the bond, the petition continued : And although your petitioner hath performed all and singular the conditions to be done and performed by him aforesaid, and hath been able and willing and hath tendered to the said defendant the money to defray the aforesaid expenses of procuring the title, yet the said defendant hath not, &c., but hath wholly neglected and refused, &c., to the damage of plaintiff five hundred dollars. The value of the land was not alleged. Prayer for judgment for his aforesaid debt of twelve hundred dollars with interest thereon from the time the same became due and payable, with damages and costs of suit—and general prayer for relief.

Amendment of petition, alleging that after the making of the said writing obligatory by the said defendant, the plaintiff, in good faith and with the intent of complying with and performing those things which he had stipulated and contracted to do for the said defendant to entitle himself to a title to one-third of the two-thirds of the said headright certificate from the said defendant, did locate the said headright certificate of the said Ennis Hardin for two-thirds of a league and labor of land on the waters of Beach Creek, in the County of Tyler, and that he caused the location of said certificate to be surveyed by a competent surveyor ; to be examined and approved and recorded in the County Surveyor's Office of Tyler county ; and that he did cause the field notes of said survey to be returned

to the Commissioner of the General Land Office, for a patent to be issued thereon, when the said defendant borrowed the certificate from the possession of plaintiff and thereafterwards placed the said certificate in the hands of Zimni Wms. Eddy, with instructions to return them to the General Land Office for the purpose of procuring a patent thereon, and not to let the plaintiff have the certificate or the patent. Your petitioner further represents unto your Honor, that after the return of the said field notes of the said survey to the General Land Office, the said defendant did sell and transfer the whole of the said certificate unto William A. Ferguson and Zimni Wms. Eddy, and that they transmitted the said certificate to the General Land Office, with the said defendant's transfer thereon, upon which the Commissioner of the General Land Office did issue to them the patent for the said certificate and survey of land. Your petitioner further represents unto your Honor, that the said sale and transfer of the said certificate was without the knowledge and consent of your petitioner, by means of all which your petitioner has been prevented from performing, or perfecting the title to the said land so located and surveyed, to the great damage of the said plaintiff five thousand dollars,. wherefore he sues and prays as in his original petition.

Defendant demurred ; pleaded general denial; and specially,

That the land was surveyed by virtue of said certificate previous to the first of August, A. D. 1853, and that the tract so surveyed is of great value, and that by reason of the said plaintiff refusing and neglecting to comply with his stipulations, the said location was and is lost to this defendant to his great damage, wherefore he prays judgment and puts himself upon the country.

And further answering, this defendant says that the said plaintiff did represent to this defendant the inability of him the said plaintiff to comply with his agreement to obtain a patent for said tract of land, because he, the said plaintiff, did not have the money necessary to pay for said patent, and re-

King v. Gray.

quested this defendant to advance the sum necessary, to which he consented ; and the said plaintiff promised to deliver to this defendant or his agent the field notes of the said survey, which was necessary to the obtaining said patent ; which promise the said plaintiff wholly neglected and refused to do ; and by reason of said neglect and refusal to deliver the said field notes, this defendant was unable to obtain the said patent ; by reason whereof he says he has been damaged ; prays judgment and puts himself upon the country.

And the said defendant further answering says, that the said plaintiff being in possession of said field notes, did neglect and refuse to take the steps necessary to obtain the patent for said tract of land, by paying the sum of money required to obtain the said patent, or to deliver to this defendant or his agent, Z. W. Eddy, the said field notes, until after the first of August, A. D. 1853, and that in consequence of said refusal, neglect and delay, the said location and survey became forfeited and vacant ; that said survey contained thirty-one hundred acres, and was worth one dollar per acre ; and that when the said survey became vacant, the said plaintiff did locate thereon another land certificate, to the great damage of this defendant, to wit : the damage of two thousand and sixty-six dollars ; wherefore he prays judgment, and puts himself upon the country.

The statement of facts was as follows :

That the defendant deposited with Z. W. Eddy a certificate in the name of Ennis Hardin, for two-thirds of a league and labor of land, and requested Eddy to present it at the General Land Office and get a patent thereon, and informed him that the field notes would be in the possession of Col. Charlton ; that in November, 1851, Eddy and Col. Charlton met at the City of Austin, when Eddy informed Col. Charlton that he had the certificate of Ennis Hardin, and was ready to advance the money necessary to obtain the patent, and requested that the field notes might be handed to him. Col. Charlton refused

to give up the field notes unless he could control the patent, which Eddy refused, as he had been instructed by King to get and retain the patent subject to the joint order of King and Gray. The plaintiff introduced the bond declared on in the petition in evidence. Witness (this statement is given in the terms of the transcript.—Reps.) further stated that he handed the certificate to King on his return from Austin, and in the Spring or Summer of 1853, previous to the departure of King to New York, King handed him the certificate again, and told him, if he got the patent, to hold on to it, for the joint benefit of plaintiff and defendant, till he, King, came back from New York, and that King was gone several months; as many as six.

The defendant read in evidence a letter from W. B. Gray to Wm. King, as follows :

Town Bluff, Jan. 27, —52.

Mr. Wm. King—*Dear Sir:*—You must, without fail, attend to getting that title fixed, and send them by Eddy or Doom. I shall send the field notes on by Charlton. If you do not attend to it, it will give us a great deal of trouble.—Yours respectfully. Signed by the plaintiff.

The deposition of Wyatt Hanks, read in evidence, was as follows: He says he is acquainted with plaintiff and defendant ; is acquainted with the matter in controversy ; knows about a contract between the parties in relation to the location by said plaintiff of certain lands ; they were located on Beach creek, in Tyler County ; has heard plaintiff say he had located Ennis Hardin's certificate on said land for the purpose of procuring a patent. I know of but one location thereon at that time ; thereafter in conversing with Gray, on enquiry of him, he (Gray) said he thought he had it fixed to suit him. I have heard him, Gray, in relation to his satisfaction or dissatisfaction about the condition of the said land, say that he had it fixed to suit himself ; this was at the last Term of the District Court of Jasper County ; (said answers of witness were taken

on the 5th day of December, 1853 ;) have heard him say he had King's certificate to locate.

The exceptions to the petition were overruled ; verdict and judgment for plaintiff for $357 44. Motion for new trial on the ground of insufficiency of the evidence in certain particulars, not necessary to be here stated, and on the ground of newly discovered evidence ; overruled.

So much of the application for new trial as related to newly discovered evidence was as follows :

Defendant's affidavit that since the trial important testimony had come to his knowledge, to wit : that Wm. A. Ferguson and others located a land certificate issued in the name of ———— on a tract of land on Beach Creek, in Tyler County, which had been previously surveyed by virtue of the land certificate issued to Ennis Hardin, and furnished to Wm. B. Gray by this affiant; and that it was by permission of said Gray that said Ferguson and others made said location ; and said Gray received from said Ferguson and others for said location nine hundred acres of land, which (said Gray) has since sold for near nine hundred dollars ; that he believes he can prove the above facts by Z. W. Eddy ; that he had, as he thought, used due diligence to discover all the testimony favorable to his cause ; and for this purpose had conversed with and interrogated Z. W. Eddy in relation to the knowledge said Eddy had of his cause ; but the above facts were never disclosed to him, and there was no method known to this affiant by which he could have become acquainted with said facts, and that this affiant did not suspect the existence of them.

Affidavit by Eddy that Wm. A. Ferguson and others did give to Wm. B. Gray nine hundred acres of land for the privilege of locating a certificate on the land previously surveyed by virtue of the certificate of Ennis Hardin on Beach Creek, in Tyler County, which this affiant believes Gray has since

sold for nearly nine hundred dollars ; that this affiant knew of this fact, but withheld it from King.

Bill of exceptions as follows :

Defendant offered to read in evidence the fifth interrogatory and answer in deposition of Wyatt Hanks, which is as follows :

Have you ever owned or been possessed of land on Beach Creek, in Tyler County ? If yea, please state whatever was said or done by said Gray with you in relation to said land ? State fully.

To which interrogatory the plaintiff objected because of the irrelevancy and generality, which was sustained ; to which ruling the defendant excepted.

The defendant offered to read the answers to interrogatories to said witness, numbered six, seven, eight, nine, ten and eleven.

6th. If, in answer to the last interrogatory, you answer that there was any contract between you and said Gray in relation to the same, state what it was ; and if you answer that you agreed with him to raise your claim or certificate to said land, state the extent of your claim to said certificate, and state what was the consideration between you for so agreeing ?.

7th. What, if anything, was done by you and said Gray in relation to said certificate ?

8th. If you answer that he gave you any writing or obligation as a consideration therefor, state the character of said instrument ; from whom and to whom was the same executed, and what was it ? you will state its contents.

9th. Did you ever request any one else to sign the said instrument besides the obligor of the same ? If yea, state who it was, when and where.

10th. Was any one ever requested to sign the instrument alluded to ? If so, who ? and when ? and where ?

11th. If you answer that any one was so requested, state by whom the request was made, and what was the result of the request.

And because the said interrogatories were based on the fifth, the plaintiff's counsel objected to the reading of any answer thereto, which objection was sustained to each seriatim ; to which ruling the defendant's counsel excepted.

The twelfth interrogatory to same witness, and the answer, were offered by the defendant, as follows :

12th. Have you ever heard said Gray converse or speak in relation to the execution or carrying out of any contract between himself and the defendant for the location of any land certificate on Beach Creek in Tyler County ? If so, state what if anything, he may have said as to whether he ever located or filed any certificate or certificates on said land ? how many ? and for what purpose ? and what, if anything, did he say in relation to his having filed more than one certificate on said land ? for whom, if any one, did he say he had filed the same ? both or either ?

And to the last sentence of said answer beginning thus : And I found thereafter that there was another certificate located on the same land, which I had good reasons to believe Gray was interested in ; because he told me so : plaintiff objected as irrelevant to the issue ; which objection was sustained, and so much of the answer ruled out, to which defendant excepted.


*R. S. Walker*, for appellant.


WHEELER, J. Two grounds of error are assigned, 1st. The improper exclusion of evidence ; 2nd. The refusal of a new trial.

The answer of the witness to the 5th interrogatory was excluded, it seems, on account of the generality and want of relevancy of the question ; and the succeeding answers to the 11th inclusive, were also excluded because they were based on the 5th. The force of the objection to the deposition is not

very apparent. It was not necessary that the relevancy of every question should appear from the single question and answer. If its relevancy might be seen from other parts of the deposition, or other evidence in the case, it should have been admitted. "It is not necessary that the evidence should " bear *directly* upon the issue. It is admissible if it *tends* to " prove the issue, or constitutes a link in the chain of proof, " although, alone, it might not justify a verdict in accordance " with it." (1 Greenl. Ev. S. 51 a.) But it does not appear by the record what the answers of the witness were, which were excluded : and without the evidence, upon the admissibility of which the Court ruled, we cannot revise the ruling ; for we cannot certainly know whether the evidence was legally admissible.

A part of the answer to the twelfth interrogatory was excluded, because irrelevant to the issue. But it is not perceived why it was so held. It was averred in the answer, that, after the land became vacant, by reason of the failure of the plaintiff to return the field notes, he, the plaintiff, located another certificate upon the land. This averment the answer of the witness certainly conduced to prove ; and it cannot be doubted that it was a material fact, upon the question of damages. A part only of the answer of the witness to this interrogatory is given : but that which is given appears to us to have been erroneously excluded. It would have been more satisfactory if the entire answers of the witness had been copied into the record. The bearing of the deposition might then have appeared in a very different light. But from what appears of the testimony of the witness in the statement of facts, and the part of his answer to the twelfth interrogatory, in the bill of exceptions, it seems difficult to avoid the conclusion that the Court erred in excluding his testimony.

In considering the remaining error assigned, the refusal of the Court to grant a new trial, it is to be observed, that the motion for a new trial does not question the general sufficiency

of the evidence, but only its sufficiency in certain particulars, to which that ground of the motion is expressly limited and confined. If the legal sufficiency of the evidence to support a recovery upon the case stated in the petition, had been directly controverted by the motion, the decision of the Court might have been different. It could scarcely have escaped observation, that the case made out in evidence, as it is presented by the statement of facts, is not the case stated in the petition : and that there was an entire absence of proof of some of the most material averments, on which the plaintiff based his right to a recovery. The contract imposed on the plaintiff the duty of performing every pre-requisite, which it is required of the holder of a certificate to perform, in order to obtain the patent. If he was prevented from the performance on his part, by the fault of the defendant, it was incumbent on him to aver and prove it. He alleges that he returned the field notes to the General Land Office ; that the defendant borrowed from him the certificate, and afterwards sold and transferred the certificate to others, who thereupon obtained a patent for the land. On these averments the plaintiff bases his right to demand compensation in damages ; but they are wholly unsupported by evidence. There is no proof either that the plaintiff ever, in fact, returned the field notes; or of any excuse for his failure to do so ; nor is there any evidence of any transfer of the certificate by the defendant. The defendant's possession of the certificate did not relieve the plaintiff from his obligation to return the field notes. He was bound to perform his part of the agreement, or show a sufficient legal excuse for his failure to perform, before he could hold the defendant responsible for a failure on his part. It seems that the patent might have been obtained but for an idle controversy as to who should have the possession of it for the time being ; a matter, it would seem, which was not very material to the rights of the parties. But without inquiring into the merits of that controversy, it may suffice to say the evidence seems

quite insufficient to entitle the plaintiff to a recovery upon the case stated in his petition. Besides, there is no proof of the value, either of the land or the certificate; which, it would seem, was essential to support the recovery of damages. But as the sufficiency of the evidence was not brought in question generally, or in any essential particular, by the motion for a new trial, it might be inferred, perhaps, that some of the evidence upon points not contested, was, by inadvertence, omitted in making up the statement of facts. However that may be, the assignment of error in overruling the motion for a new trial, does not bring under revision the sufficiency of the evidence to warrant the verdict; that ground not having been taken in the motion. The only ground for a new trial, distinctly presented by the motion, is newly discovered evidence: and on that ground we are of opinion the application ought to have been granted. The materiality of the newly discovered evidence, on the question of damages, cannot be doubted; the only matter upon which there can be a doubt, is, whether the defendant has shown sufficient diligence, or a sufficient excuse for not having sooner discovered the evidence; and it is not perceived how he could have discovered it sooner, when the witness deposes that he "withheld" from the defendant information of the fact. A want of recollection of a fact, which, by due attention, might have been remembered, is not a ground for granting a new trial; nor is an inadvertent omission, by a witness, to state a material fact known to him. An affidavit made by a witness, swearing to further important facts, not stated by him on the trial, because his recollection did not serve him, is not a sufficient ground for granting a new trial. (Watts v. Johnson, 4 Tex. R. 319, and cases cited.) The law does not countenance negligence : it distrusts applications for new trials on such grounds, because of the temptation afforded a willing witness to supply what the result of the trial may show to have been wanting in the testimony to make out the case. But where it appears that a witness has purposely with-

King v. Gray.

held from the party information of a material fact within his knowledge, the case is different. No diligence would, ordinarily, discover a witness' knowledge of a fact thus withheld from the party ; nor could any *laches* be imputed from the omission to interrogate the witness, on the stand, as to such fact, where, as it seems, was the case here, the witness, when previously interrogated by the party, had withheld his information, and thereby induced the belief that he did not possess a knowledge of the fact. It is very different from the case of a witness omitting to state a material fact through inadvertence, or because his recollection did not serve him at the time. It seems not to admit of doubt, that the defendant was deprived of the benefit of the evidence, without any fault or negligence on his part ; and there certainly can be none, of the materiality of the evidence. From the state of case presented by the record, there seems good cause to apprehend, that wrong and injustice was done the defendant on the trial. However that may be, we think it clear that the defendant was entitled to a new trial on account of the newly discovered evidence : and that the Court erred in refusing his application ; for which the judgment must be reversed and the cause remanded.

Reversed and remanded.