CARL BOETGE v. JOSEPH LANDA.

22 105
33a 481

Where A, upon representations made by B and C, advanced money upon a draft drawn by B; if the money was advanced, and the credit given to, and charged against both; or if C, *knowingly*, made any *false statement* to A, materially influencing him to advance the money; both B and C would be liable for the money thus advanced by A.

Should C not be liable upon these grounds, yet, if he received any portion of the money from B, (not as a payment for money advanced, debt assumed, or property sold by him to B, but as a division growing out of the alleged receipt by B,) C would be liable for the amount of money so received by him.

A motion to set aside a verdict, because the jurors were not sufficiently acquainted with the English language, to understand the testimony and the instructions of the court, is entitled to no consideration.

The jury having been accepted by the parties, according to the usual forms of practice, they could not afterwards be heard, to question the competency of jurors thus accepted by themselves.

If a juror have been under any restraint while in the jury room, he should disclose the fact, when solemnly called on, in open court, to say, whether or not the verdict returned was his verdict. He was then under the protection of the court, and under the most solemn obligation to answer truly.

When a juror has solemnly declared in open court, that he assented to the verdict returned, it should not be set aside upon his affidavit, that he did not assent to the verdict, but returned the same through coercion, and intimidation of the foreman of the jury.

It is a good objection to the reading of a deposition, that the witness is within the precincts of the court, when the deposition is offered as evidence.

ERROR from Comal. Tried below before the Hon. Thomas J. Devine.

Suit by defendant in error, against plaintiff in error, and Frederick Behrens, who was cited by publication as a non-resident of the State, and for whom there was no appearance. There was a judgment for the defendant in error against Behrens, for $400, and against the plaintiff in error for $200.

Upon the trial, the judge charged the jury, "The defendant "Boetge's liability depends upon either of the following ques-"tions:

"1st. Was the credit given, or advance of money by Landa "made, as a credit or advance to, or charge against Boetge

"and Behrens, at the time of the transaction? If you believe "in the affirmative, you will render a verdict against Boetge, "as well as Behrens, otherwise, you will find in favor of Boetge.

"2d. Does the evidence prove that Boetge *knowingly* made "any *false statement* to Landa, materially influencing Landa to "advance the money obtained? If you believe in the affirma-"tive, you will render a verdict against Boetge, as well as Beh-"rens, otherwise, you will find in favor of Boetge.

"If you should find in favor of Boetge, but believe from the "evidence, that he received any portion of the money from "Behrens, (not as a payment for money advanced, debt assumed, "or property sold by him to Behrens, but as a division growing "out of the alleged receipt of the four hundred dollars by Beh-"rens,) then you will find *against Boetge* for the amount of "money so received by him; otherwise, you will find in his "favor."

The defendant in error moved for a new trial, and that the verdict be set aside upon the following grounds, to wit: "1st. The "verdict was contrary to the evidence. 2d. The verdict was "contrary to the law. 3d. One of the jurors, Bernhard, was "placed under duress by the foreman and others of the jury, "they representing to him, if he did not agree to the verdict as "rendered, he would be guilty of perjury, and liable to indict-"ment therefor, and that his family would be disgraced. 4th. A "large portion of the jury do not understand the English lan-"guage sufficiently to comprehend the evidence as rendered in "English, the argument of counsel, and the charge of the court."

In support of the alleged ground of duress, the affidavit of the juror was filed, containing substantially the same allegation as that stated in the motion. The other facts are contained in the opinion of the court.

*Seree* and *Dooley*, for plaintiff in error.

*Jacob Waelder*, for defendant in error.

Boetge v. Landa.

BELL, J. We do not discover any error in the proceedings in the court below, which will require us to disturb the judgment. There is no statement of facts in the record. The petition charged fraud and combination on the part of both defendants in the court below, to procure money from the plaintiff, and there was an allegation that the four hundred dollars first paid by Landa on the draft of Behrens, was divided equally between Behrens and Boetge. We perceive no error in the instructions of the court to the jury. The liability of Boetge was put on clear and proper grounds by the judge, and we must presume, in the absence of a statement of facts, that the jury found a verdict in accordance with the testimony. Some of the grounds on which the motion for a new trial was based, are trivial, and all of them taken together are manifestly insufficient to support the motion. The pretence that the verdict ought to have been set aside, because the jurors were not sufficiently acquainted with the English language, to understand the testimony and the instructions of the court, was entitled to no consideration. The jury was doubtless accepted by the parties according to the usual forms of practice, and they could not afterwards be heard to question the competency of jurors accepted by themselves.

Another ground for the motion for a new trial, was, that one of the jurors had been coerced and intimidated by the foreman of the jury, and never in fact assented to the verdict. The record shows that the jury returned a sealed verdict into court, and were allowed to disperse. The next morning, they were called into court, and the verdict was opened and read. The jury were polled, and one juror declared that the verdict had not been assented to by him. They were then ordered to retire and to consider further of their verdict. After further deliberation, for the space of two hours, they came into court, and returned the same verdict which had been brought in before. The jury were again polled, and the juror Bernhard, declared that the verdict was his verdict. We think that a verdict returned into court, and received by the court under such circum-

stances, cannot be set aside on the ground that one of the jurors had been coerced into assenting to it.   The juror had been called on by the court to declare, whether or not he assented to the verdict.   If he had been under any restraint while in the jury room, he should have disclosed the fact, when solemnly called on in open court, to say, whether or not the verdict returned was his verdict.   He was then under the protection of the court, and under the most solemn obligation to answer truly. We cannot conceive that any but unworthy motives could influence a man to declare solemnly in open court, that he had assented to a verdict, and then to proclaim on the corners of the streets, that he had been intimidated and coerced into an assent to the verdict.   The judge below ought not to have given audience to the affidavit of the juror under such circumstances, and might properly have punished his contemptuous trifling with the time and authority of the court.

There was no error in refusing to permit the deposition of the witness Robert Berhem to be read, because it appears in the bill of exceptions, that *the witness was within the precincts of the court, when the deposition was offered.*

It is unnecessary to notice some other extraordinary features of the record.   We are of opinion, that there was no error in the judgment of the court below, and it is affirmed with damages.

Affirmed with damages.