61   33
74   190

### B. & J. BONART v. AARON WAAG.

(Case No. 1782.)

1. PRACTICE — BILL OF EXCEPTIONS.— In a suit for damages for injuries received from a battery by defendant, exception was taken to the action of the court below in sustaining an objection to the following question: "For what purpose did you strike Waag" (the plaintiff). The bill of exceptions failed to reveal the objection stated to the question. *Held*, that the bill of exceptions was not in accordance with rule 57, and the ruling below would not be revised.

APPEAL from Galveston. Tried below before the Hon. W. H. Stewart.

The suit was brought by appellee to recover damages for injuries received in being beaten by appellants. There was nothing peculiar either in the brawl out of which the suit grew, or in the instructions given or refused, that illustrates any principle which is worth the time or space given to explain the proceedings below. The charges given, as well as those refused, were quite lengthy, and in view of the opinion are not inserted.

*Finley & Wilson*, for appellants.

*James B. Stubbs*, for appellee.

WEST, ASSOCIATE JUSTICE.— The bill of exception taken to the action of the court in refusing to allow the appellant Ben Bonart to answer the question asked him, as to the purpose that induced him to strike the appellee, does not show, as it ought to do (see District Court Rules, No. 57), what was the objection of appellee to the question.

In the state of the record, as we are not advised of the character of the exception taken to the evidence, we cannot revise it. Nor is the action of the court in this respect assigned as one of the grounds on which the motion for new trial was based.

It appears, however, from the statement of facts, that the witness did, as a matter of fact, without objection, detail fully and at considerable length all that transpired just before and during the assault complained of. As the matter is now presented to us, we cannot say that the action of the court, in this respect, was erroneous or prejudicial to the interests of the appellants.

The refusal of the court to give certain charges asked by the appellants, and in laying down certain propositions for the consideration and guidance of the jury, in its main charge, is also complained of. While the charge of the court is not entirely unobjectionable, and it would not have been improper to give some of the instructions asked by the appellant that were not given, yet, taking the charge as a whole, it gave the jury the law applicable to the case in hand with sufficient clearness and certainty.

In giving the charges complained of, and in refusing to give the instructions asked, no material error was committed.

Upon examining the whole case, we are of the opinion that the record discloses no error that demands a reversal, and the judgment is accordingly affirmed.

AFFIRMED.

[Opinion delivered February 1, 1884.]