### STRATTON v. RILEY et al.

(Court of Civil Appeals of Texas. San Antonio. Feb. 27, 1913.)

1. APPEAL AND ERROR (§ 216*) — INSTRUCTIONS—NECESSITY FOR REQUEST.

In the absence of request for the submission of an issue omitted by the general charge, appellant cannot complain, even where there is evidence supporting the issue.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216.*]

2. DEEDS (§ 203*) — EVIDENCE — VALIDITY — UNDUE INFLUENCE.

In an action to cancel a deed on the ground of the grantor's insanity and undue influence, evidence that the father of one of the defendants, not shown to have had any authority to act for defendants, or to stand in a confidential relation toward the grantor, had told the grantor that the land was not worth more than the amount offered, was a mere expression of opinion and inadmissible on the issue of undue influence.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 602, 604–611; Dec. Dig. § 203.*]

3. APPEAL AND ERROR (§ 499*)—EXCEPTION TO EVIDENCE—SHOWING GROUND OF OBJECTION.

An assignment of error based on a bill of exceptions to the admission of evidence not disclosing the ground of objection thereto will not be considered by an appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2299; Dec. Dig. § 499.*]

4. DEEDS (§ 203*)—VALIDITY—PLEADING AND PROOF.

In an action to cancel a deed for mental incapacity of the grantor and undue influence, a question as to what connection B. had with the transaction was properly excluded, where neither by pleading nor proof was B. connected with the transaction.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 602, 604–611; Dec. Dig. § 203.*]

5. APPEAL AND ERROR (§ 692*)—EXCEPTION TO EVIDENCE—SUFFICIENCY.

Error in the exclusion of evidence cannot be reviewed, where the bill of exceptions fails to show what the witness would have testified in answer to the question.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2905–2909; Dec. Dig. § 692.*]

6. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—NECESSITY OF STATEMENT.

An assignment of error not followed by a statement will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

7. APPEAL AND ERROR (§ 499*)—EXCEPTION—NECESSITY OF SETTING OUT OBJECTION.

An assignment of error to the exclusion of evidence cannot be considered where the bill of exceptions does not set out the objection thereto.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2299; Dec. Dig. § 499.*]

8. JURY (§ 110*) — OBJECTION TO JUROR — WAIVER.

The competency of a juror accepted by the parties cannot be attacked after the verdict has been rendered.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 502–513, 515–523; Dec. Dig. § 110.*]

9. APPEAL AND ERROR (§ 978*)—REVIEW—DISCRETION OF TRIAL COURT—MOTION FOR NEW TRIAL—MISCONDUCT OF JURY.

In the absence of anything showing an abuse of the trial court's discretion in disposing of an attack on a juror, its action will not be disturbed; the presumption being that the trial judge satisfied himself that there was no misconduct on the juror's part.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3866–3870; Dec. Dig. § 978.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Appeal from District Court, Guadalupe County; M. Kennon, Judge.

Action by David Stratton, by his guardian, Dan Erkel, against James J. Riley, Jr., and another, with cross-action by defendants against M. G. Tadlock. Verdict instructed for Tadlock, and judgment for defendants, and plaintiff appeals. Affirmed.

H. E. Short and H. H. Weinert, both of Seguin, for appellant. Emil Mosheim and Burges & Burges, all of Seguin, for appellees.

FLY, C. J. This is an action to cancel a deed and remove cloud from title to a certain 10-acre tract of land in Seguin, Guadalupe county, Tex., instituted for David Stratton, by his guardian, Dan Erkel, against James J. Riley, Jr., and John Jefferson Burges, appellees herein, in which it was alleged that on December 2, 1911, the said Stratton had executed to appellees a warranty deed to the land in question, at which period and for a long time prior thereto he was insane and mentally incapacitated to make a contract of any kind, and could not and did not understand the legal import of the deed; that he was ignorant of the value of the land; that appellees represented to him that it was not worth more than $250 an acre, when it was worth at least $600 an acre, and, being of weak mind and relying upon the false statements, the said Stratton executed the deed to appellees for a consideration of $2,500 for the 10 acres of land. It was further alleged that said deed was obtained through undue influence, fraud, and misrepresentation. Appellees filed general and special exceptions, and answered by general denial, and specially set up the facts in regard to the purchase of the land, and also filed a cross-action against M. G. Tadlock, which it is useless to notice in view of the fact that a verdict was instructed for him and he is not a party to this appeal. As the result of a jury trial a verdict and judgment were rendered for appellees.

The evidence justified the jury in finding that David Stratton had mental capacity to make the contract at the time he executed the deed to the land.

[1] The first assignment of error complains of a failure upon the part of the court to present the question of undue influence exercised by appellees over David Stratton. Appellant did not request that the issue be submitted to the jury, and, being merely an omission upon the part of the court, he cannot successfully complain, even had there been evidence supporting the issue. Beazley v. Denson, 40 Tex. 434; Cockrill v. Cox, 65 Tex. 669; Johnson v. Granger, 51 Tex. 45; Milmo v. Adams, 79 Tex. 526, 15 S. W. 690. A party must show by requesting charges curing omissions that he is not speculating on the chances of a favorable verdict. In this case the evidence of undue influence would not have justified a submission, even as stated by appellant in his brief. The facts raised but one issue, that of mental capacity to contract, and that was clearly presented to the jury.

[2] Appellant sought to prove that James J. Riley, Sr., who had no connection with the purchase of the lot, had told David Stratton that the land was not worth more than the amount offered him, and the testimony was excluded on objection of appellees that none of the appellees was present, and it did not appear that the elder Riley had any authority to make any representations to Stratton. The exclusion of the testimony is the subject of the second assignment of error. The proposition is that "any representation made by one acting for another as agent is binding upon his principal," which might with some qualifications and additions be sound; but it is an abstraction, as there is no evidence to show the agency of Riley, Sr. What Riley, Sr., said was a mere expression of opinion, and did not indicate any undue influence. The statement made by appellant fails to show that Riley, Sr., had any authority to act for appellees, or that there was any confidential relation existing between him and Stratton. The witness who saw them talking to each other did not even name the year in which it occurred, and it does not appear from the bill of exception when the conversation occurred.

[3] Appellant asked Dr. A. M. Stamps this question, "Under these circumstances, what would his condition now be?" which was objected to for some reason not disclosed by the bill of exception. An assignment of error based on such a bill of exception will not be considered by an appellate court, as has been repeatedly held by the courts of Texas. Bonart v. Waag, 61 Tex. 33; Endick v. Endick, 61 Tex. 559; Franklin v. Tiernan, 62 Tex. 92; Railway v. Gage, 63 Tex. 568; Arambula v. Sullivan, 80 Tex. 615, 16 S. W. 436. The question asked could not have evoked a response that would have shown the condition of Stratton's mind at the time he executed the deed.

[4, 5] The fourth assignment of error complains of the refusal of the court to allow appellant to ask R. F. Wilson, a son-in-law of Mrs. Burges, what connection she had with the purchase of the land. The question was objected to because there was no allegation that Mrs. Burges had any connection with the transaction. The court did not err in not permitting it. It was utterly impertinent to any issue made by pleadings or proof. If it had been improperly refused, it could not avail appellant, because the bill of exception fails to show what the witness would have testified in answer to the question. It has been so held time and again from King v. Gray, 17 Tex. 62, to Goodwin v. Biddy, 149 S. W. 739.

[6, 7] The fifth assignment of error is over-

ruled, because it is not followed by a statement, and because the objection to the evidence, the exclusion of which is complained of, is not set out in the bill of exception.

[8] The sixth assignment of error is to the effect that appellant did not have a fair trial because one of the jurors was not competent and qualified, having lived in Guadalupe county only a month and a half before the trial. There is no such statement as is required by the rules. A juror accepted by parties cannot, after the verdict has been rendered, have his competency attacked. Boetge v. Landa, 22 Tex. 105; Schuster v. La Londe, 57 Tex. 29; Newman v. Dodson, 61 Tex. 96; Rice v. Dewberry, 93 S. W. 715. By the affidavit of the tax collector it was shown that the juror had lived in Guadalupe county for 10 years, and was a qualified voter in 1912, when he served on the jury.

[9] The seventh assignment of error is not followed by a proper statement. However, the affidavit made by the witness Surls is too indefinite to form the basis for an attack on the juror Frank Pape, and, if it had been full and explicit, the question was one addressed to the discretion of the trial judge, and, in the absence of anything showing an abuse of that discretion, his action will not be disturbed. Foley v. Northrup, 47 Tex. Civ. App. 277, 105 S. W. 229; Railway v. Gray (Tex. Sup.) 143 S. W. 606. The presumption will prevail that the trial judge satisfied himself that there had been no misconduct upon the part of the juror.

The judgment is affirmed.