## EL PASO ELECTRIC CO. v. WHITENACK et ux. (No. 2037.)*

Court of Civil Appeals of Texas. El Paso. June 9, 1927.

Rehearing Denied June 30, 1927.

1. Trial ⚛═337—Jury must receive law from court and limit damages to amount authorized by court's charge.

Jury is required to receive the law from the court and is limited to measure of damages authorized by court's charge.

2. Appeal and error ⚛═1070(1)—Jury's departure from court's charge in assessing damages is reversible error.

Jury's departure from court's charge in assessment of damages constitutes reversible error.

3. Damages ⚛═228—Ascertainable error in amount of verdict is cured by remittitur.

Ascertainable error in amount of verdict and judgment is properly cured by remittitur.

4. Damages ⚛═228—Error in including attorney's fees in verdict held cured by remittitur.

Jury's addition of estimated amount of attorney's fees to award of damages held cured by remittitur of such amount.

5. Appeal and error ⚛═237(5)—Jury's answers to issues, attacked as unsupported by evidence, are conclusive, where appellant did not move for directed verdict or seek to set aside issues and tendered same issues (Rev. St. 1925, art. 2202, subd. 6).

Where appellant assigned no error in not directing verdict, filed no motion for directed verdict, made no effort to set aside special issues submitted as unsupported by evidence, and tendered special charges, which were granted, submitting such issues, jury's answers thereto are conclusive as between parties, under Rev. St. 1925, art. 2202, subd. 6.

6. Trial ⚛═39—Refusal to require plaintiff to read to jury his statement of circumstances at time of accident held not error.

Refusal to permit or require plaintiff to read to jury his statement of circumstances at time of accident held not error, where statement itself was read in evidence without objection.

7. Evidence ⚛═539½(2)—Motorman operating same kind of street cars as that causing damage and testifying as to knowledge of stopping distance from tests could testify thereto.

Motorman operating street cars of same make, size, and equipment as that causing damages sued for, testing distance within which such cars could be stopped, and stating that he personally knew such distance, could testify thereto.

8. Appeal and error ⚛═971(2)—Witnesses ⚛═79(3)—Witness' competency is primarily for trial court, and reviewable only where abuse of discretion appears.

Witness' competency to testify is primarily for trial court, and will be reviewed only in case abuse of discretion appears.

9. Appeal and error ⚛═1048(5)—Unanswered improper question does not present reversible error.

Improper impeaching question, which was unanswered, does not present reversible error.

10. Evidence ⚛═89—Testimony as to whether absent witnesses knew anything about accident held inadmissible.

Exclusion of testimony as to whether absent witnesses, located by person testifying, purported to know anything about accident, held not error.

11. Damages ⚛═228—Error in assessing damages at more than amount alleged held cured by remittitur.

Error in assessing damages to automobile at more than amount alleged in petition held cured by reformation of judgment by remitting excess at plaintiffs' request.

12. Jury ⚛═110(12)—Acceptance of juror challengeable for cause is not "good cause" for setting aside verdict and judgment (Rev. St. 1925, arts. 2144, 2232).

Acceptance of juror, subject to challenge for cause under Rev. St. 1925, art. 2144, is not "good cause" for setting aside verdict and judgment thereon under article 2232.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Good Cause.]

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by Randall Whitenack and wife against the El Paso Electric Company. Judgment for plaintiffs, and defendant appeals. Reformed, and, as reformed, affirmed.

Goggin, Hunter & Brown, of El Paso, for appellant.

Lea, McGrady, Thomason & Edwards, of El Paso, for appellees.

WALTHALL, J. This appeal is prosecuted from a judgment in favor of appellees, husband and wife, and against appellant, for damages for personal injuries to the wife, and damages to their automobile, and expenses for a doctor.

Appellees alleged, and the undisputed evidence shows, that their automobile, in which appellees were riding, came in collision with one of appellant's street cars, resulting in personal injuries to Mrs. Whitenack, and damage to their automobile, and that on account of said personal injuries appellees incurred an expense for a doctor.

The negligence assigned by appellees, and submitted to a jury on special issues, was: First, that prior to the collision the operator of the street car actually discovered that the appellees were in a perilous position in time to have avoided injury to them by use of the means at his command consistent with the safety of his passengers, and of himself; second, that after the discovery of appellees'

perilous position, failure of appellant's operator to use ordinary care in the use of all the means at his command consistent with the safety of himself and his passengers to avoid injuring appellee; third, was the issue of proximate cause, if the motorman failed to use ordinary care. Other issues of a kindred nature were submitted. The jury found all issues submitted in favor of appellees. The jury assessed the damages as follows: For personal injuries to Mrs. Whitenack at $1,250; damages to appellees' automobile at $200; expenses incurred for a doctor at $25.

Judgment was rendered in favor of appellees in the aggregate sum of $1,475. A remittitur was entered by appellees in the trial court on the personal injury item for $250, and appellees now here in this court file a release of $50 on the item of damages to the automobile. Appellant's motion for a new trial having been overruled, appellant duly excepted and perfected its appeal.

### Opinion.

While considering the amount of the damages to be awarded Mrs. Whitenack on account of her personal injuries, the jury in the jury room discussed and considered the amount of the attorney fees, which the jury supposed would be deducted from the amount found, estimating the amount at $250, and added that amount to what otherwise would have been their verdict on that item. From the evidence heard on the motion for a new trial on account of the misconduct of the jury as stated, it is reasonably made to appear that $250 would be the attorney fee as estimated by the jury, and appellees filed in the trial court a remittitur of that amount and to cover that item. Appellant insists that such misconduct was highly improper and was not cured by the action of the court in requiring the remittitur and in remitting the estimated amount of the attorney fee.

[1, 2] It has been uniformly held in this state that the jury is required to receive the law from the court and is limited to the measure of the damages which they may assess by the court's charge, and that a departure therefrom constitutes reversible error. St. Louis S. W. R. Co. v. Dodson (Tex. Civ. App.) 285 S. W. 330; Payne v. Smith (Tex. Civ. App.) 266 S. W. 441; Gulf, C. & S. F. R. Co. v. Harvey (Tex. Com. App.) 276 S. W. 895; San Antonio Traction Co. v. Cassanova (Tex. Civ. App.) 154 S. W. 1190; and other cases referred to in the case first cited.

[3] It is also well settled in this state that where error in amount of verdict and judgment is ascertainable it is properly cured by remittitur. In St. Louis Southwestern Ry. Co. of Texas v. Gentry (Tex. Civ. App.) 98 S. W. 226, where all of the jury agreed that Gentry was entitled to recover $900, but disagreed as to the exact amount between that sum and $1,000, and settled the difference by lot to be $950, it was held that the irregularity was cured by remitting all in excess of $900. A writ of error was denied. In Pecos & N. T. Ry. Co. v. Coffman (Tex. Civ. App.) 160 S. W. 145, the Amarillo court, in view of the Gentry Case, held that the impropriety of arriving at the verdict in the case would be cured by accepting plaintiff's proffered remittitur. In Producers' Oil Co. v. Barnes (Tex. Civ. App.) 120 S. W. 1023, it is held that a verdict excessive in amount, induced by improper argument of counsel, can be cured by remitting the excess.

[4] True, the attack on the verdict here is on the ground of misconduct of the jury. All of the jurors had agreed, as we view the record, on $1,000 apparently prior to and independent of any consideration given to the suggestion of the attorney fee. One of the jurors made the $1,000 verdict conditional upon the addition of the $250. We have concluded to overrule the assignment in view of the fact that the only injury which could result to appellant from the consideration of the jury of the attorney fee was the addition of $250 to the verdict and which was agreed to by the other jurors, but remitted.

[5] The second proposition submits that there was no evidence to support the findings of the jury relative to discovered peril in response to the first three special issues submitted. We do not find in the record any assignment to the effect that the trial judge should have directed a verdict for appellant, nor motion for a directed verdict, nor any effort to set aside the three special issues or any of them, as being unsupported by evidence. Again, appellant tendered special charges submitting said issues of discovered peril, and requested the giving of them to the jury, which request the court granted. Under such circumstances, the answers of the jury, under subdivision 6, article 2202, Rev. Civ. Stat. 1925, as between the parties, are conclusive as to the facts found. Smith v. Hessey, 63 Tex. Civ. App. 478, 134 S. W. 256; Texas & N. O. Ry. Co. v. Weems et al. (Tex. Civ. App.) 184 S. W. 1103; Blackwell v. Vaughn et ux. (Tex. Civ. App.) 176 S. W. 912; Waller v. Liles, 96 Tex. 21, 70 S. W. 17, and cases there discussed. However, we have reviewed the evidence, and, without stating it, are of the opinion that it is sufficient to require the submission of the issues of discovered peril.

[6] There is no merit in the fourth proposition. Appellee R. H. Whitenack had made a written statement of what purported to be the circumstances occurring at the time of the accident then under investigation. While testifying as a witness, counsel for appellant handed witness the statement which witness identified as the statement he had made. Counsel then asked witness to read the statement to the jury. The court sustained an objection to the witness reading the statement, and witness was not permitted to read it to

the jury. The point of objection was, not to the admission of the statement as evidence, but that witness be not permitted or required to read it to the jury. The statement itself was read in evidence without objection.

[7] The witness Ruff testified that he had been employed by appellant as operator of its cars, had worked in that capacity for about six months, voluntarily left its employment, had operated while in such employ some of the street cars of the one-man type of the car in question, such cars are equipped with air brakes, did not know the weight of the car, did not know what pressure they carried, some cars had an indicator, others did not, explained how the brakes were operated. The witness was then asked: "Do you know from your experience in handling such cars within what distance it is possible to stop such a car, assuming that it is equipped with air brakes, with the air in good condition and traveling ten or twelve miles an hour?" The witness answered, "Yes." The witness was then permitted, over objection that he was not qualified, to testify as to the distance within which the car could be stopped.

[8] The competency of the witness to testify is primarily for the trial court and will be reviewed only in case abuse of discretion appears. Southern Tel. & Telegraph Co. v. Evans, 54 Tex. Civ. App. 63, 116 S. W. 418; Gulf, C. & S. F. R. Co. v. Stewart (Tex. Civ. App.) 141 S. W. 1020; M., K. & T. R. Co. of Texas v. Hedrick (Tex. Civ. App.) 154 S. W. 633; Texas & P. R. Co. v. Martin (Tex. Civ. App.) 175 S. W. 707. It seems to us that if the witness had in person operated cars of the same make, size, and equipment, and had tested the distance within which such car could be stopped, and could say that he personally knew such distance, his statement would not be a bare conclusion or belief not founded on personally observed data. It would seem to be a fact the witness personally knew. In admitting the testimony the trial judge would not, we think, be abusing that discretion given him under the rules stated. G., H. & S. A. Ry. Co. v. Murray (Tex. Civ. App.) 99 S. W. 145 (152). It is difficult to determine just where the rule applies and find the dividing line between a statement of a fact and an opinion of fact, and a good margin must and should be left to the sound discretion of the trial court. Weatherford, M. W. & N. W. R. Co. v. White, 55 Tex. Civ. App. 32, 118 S. W. 799.

[9] The sixth proposition does not present reversible error. The question asked the witness was wholly improper, was not the proper method of impeaching a witness, but the question itself, unanswered, does not present reversible error.

[10] For the purpose of accounting for the absence of persons as witnesses who were on the street car at the time of the accident, counsel for defendant asked the witness Coch-rane, on direct examination: "Those witnesses you did locate, what do you say as to whether they purported to know anything?" The court sustained an objection to the question, and appellant assigns error. The court evidently was not in error in sustaining the objection.

[11] The petition stated the damage to appellees' automobile to be $150. The jury assessed the damage at $200. Appellees confess error to the extent of $50 in the judgment and request that the judgment be reformed by remitting $50 of the amount of damages for the automobile, and judgment be revised to conform to the amount remaining, which we do. The reformation and the correction in the judgment, as stated, remove the error.

[12] One other proposition remains to be considered. One of the jurors, Sam Ponzi, was not a citizen of this state at the time he was selected to serve on the jury, in that he was not a person native to the United States, nor naturalized under the Naturalization Laws of the United States (U. S. Comp. St. § 4351 et seq.). Section 19, article 16, of our State Constitution, provides that "the Legislature shall prescribe by law the qualification of grand and petit jurors." Article 2133, R. C. S. 1925, provides:

"No man shall be qualified to serve as a juror who does not possess the following qualifications: (1) He must be a citizen of the state and of the county in which he is to serve, and qualified under the Constitution and laws to vote in said county," excepting therefrom his failure to pay his poll tax.

In its amended motion for a new trial, appellant alleges, in substance, that the juror Ponzi, when interrogated as to his qualifications as a citizen and qualified juror, duly qualified as a citizen and juror, under the laws of this state, when in fact he was neither, and that since the trial appellant has ascertained that the juror, Ponzi, at the time selected was not a citizen and qualified juror, and that had his disqualification been known to appellant it would at that time have objected to him. Appellant submits that for reasons stated it was reversible error not to grant its amended motion.

Appellees submit that an objection to a juror on the ground of disqualification cannot be heard when made for the first time after verdict has been returned, and refers us to the following: St. L. B. & M. R. Co. v. Broughton (Tex. Civ. App.) 212 S. W. 664, par. 5, writ refused; Squyres v. State, 92 Tex. Cr. R. 160, 242 S. W. 1024, par. 8; Schuster v. La Londe, 57 Tex. 28; German v. H. & T. C. R. Co. (Tex. Civ. App.) 222 S. W. 662, par. 1; Rice v. Dewberry (Tex. Civ. App.) 93 S. W. 715; Stratton v. Riley (Tex. Civ. App.) 154 S. W. 606, par. 8.

Our statute, article 2144, Rev. Civ. Stat. 1925, gives full opportunity to challenge a juror for cause, and upon the examination for

cause the challenge is not confined to the answers of the juror, but other evidence may be heard for or against the challenge.

Under article 2232, Rev. Civ. Stat., a new trial may be granted on motion for "good cause," we have concluded that the mere fact that a juror, subject to a challenge for cause, has been accepted on the jury, is not a good cause for setting aside a verdict and judgment after the jury has been impaneled and a verdict has been returned and received by the trial court and judgment entered thereon. Appellant has not referred us to a case holding to the contrary, and we have found none. The cases to which appellee refers us, cited above, and others we have reviewed without quoting from them, amply sustain appellees' contention.

Finding no errors which, in our opinion, show sufficient ground for setting aside the verdict and judgment, the judgment, as reformed, is affirmed.

Reformed, and, as reformed, affirmed.