## EL PASO ELECTRIC CO. v. WHITENACK et ux. (No. 1043–4963.)

Commission of Appeals of Texas, Section A.
Jan. 18, 1928.

1. **Appeal and error** ⚖️1003—**Supreme Court cannot reverse case on preponderance of evidence.**

The Supreme Court cannot reverse a case on the preponderance of the evidence.

2. **Appeal and error** ⚖️1002—**Jury's finding on conflicting evidence is conclusive.**

The jury are the triors of issues of fact, and, where the evidence is conflicting, their finding is conclusive.

3. **Appeal and error** ⚖️1069(1)—**Jury's misconduct in considering and allowing attorneys' fees held cured by remittitur.**

Where trial court found on sufficient evidence, heard on motion for new trial, and defendant's assignment therein expressly recognized, that $250 was allowed by jury for attorneys' fees, filing of remittitur in such amount rendered harmless jury's misconduct in considering and allowing such fees.

4. **Jury** ⚖️110(2)—**Objection, first made after verdict, that alien juror was disqualified, cannot be heard (Rev. St. 1925, art. 2144).**

Under Rev. St. 1925, art. 2144, objection to juror on ground of disqualification for want of citizenship cannot be heard when made for first time after verdict has been returned.

5. **Costs** ⚖️238(2)—**Costs of appeal held properly adjudged against defendant, first raising on appeal matter of recovery exceeding amount alleged in petition.**

Where defendant did not call trial court's attention to fact that damages awarded plaintiff by jury exceeded amount alleged in petition, but first raised matter in Court of Civil Appeals, whereupon plaintiff remitted excess, latter court properly adjudged costs of appeal against defendant.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by Randall Whitenack and wife against the El Paso Electric Company. A judgment for plaintiffs was reformed and affirmed as reformed by the Court of Civil Appeals (297 S. W. 258), and defendant brings error. Affirmed.

Goggin, Hunter & Brown, of El Paso, for plaintiff in error.

Lea, McGrady, Thomason & Edwards, of El Paso, for defendants in error.

CRITZ, J. This suit was originally instituted in the district court of El Paso county, Tex., by Randall Whitenack and wife, Catherine Whitenack, defendants in error, against El Paso Electric Company, plaintiff in error, for damages for personal injuries alleged to have been sustained by the wife and damages to their automobile and expenses for a doctor. Plaintiffs in the district court alleged negligence on the part of the electric company and also alleged discovered peril. Only the issue of discovered peril was submitted to the jury. The case was submitted to the jury on special issues, and the court entered judgment for the plaintiffs in the district court against the electric company on this verdict. The opinion of the Court of Civil Appeals is found in 297 S. W. 258.

By its first assignment of error, plaintiff in error complains of the ruling of the Court of Civil Appeals in holding that there was sufficient evidence to support the findings of the jury relative to the issue of discovered peril.

The Court of Civil Appeals holds, in effect, that the plaintiff in error has not properly raised the question of the sufficiency of the evidence to sustain the finding of the jury on the issues of discovered peril. Also the Court of Civil Appeals holds in effect that the plaintiff in error, by requesting charges on this issue in the district court, waived its objections to the charge submitting the issue of discovered peril. It is not necessary for us

---

to pass upon the correctness of the holding of the Court of Civil Appeals as to these matters, as the record shows that the Court of Civil Appeals did consider this assignment and directly passed upon the sufficiency of the evidence in the following language:

"However, we have reviewed the evidence, and, without stating it, are of the opinion that it is sufficient to require the submission of the issues of discovered peril."

[1, 2] We have carefully read the statement of facts, and, in view of the holding of the Court of Civil Appeals, we cannot say from the record that there are no facts to support the findings of the jury. This court cannot reverse a case on the preponderance of the evidence. The jury are the triers of issues of fact, and, where the evidence is conflicting, the finding of the jury is conclusive. In the case at bar, there is evidence in the record sufficient to support the finding of the jury, and we overrule this assignment.

[3] By its second assignment of error, the plaintiff complains of the ruling of the Court of Civil Appeals in holding that the misconduct of the jury in considering and allowing attorneys' fees was cured by the action of the trial court in requiring a remittitur of $250. It is shown by the record that the trial court heard evidence on this matter when the motion for a new trial was heard. The trial court found that the matter of attorneys' fees was discussed in connection with the damages to be allowed, and that the sum of $250 was finally allowed by them to cover attorneys' fees. The court further found that the verdict was not the result of prejudice on the part of all or any of the jurors.

Furthermore, plaintiff in error's assignment as set out in his motion for a new trial presented to the trial court expressly states and recognizes that $250 or approximately that sum was allowed by the jury for attorneys' fees; said assignment being as follows:

"The jury took into consideration the question of attorneys' fees in making their verdict and at least two or more of said jury considered said matter and allowed $250 or approximately that sum, as fees for the attorneys for the plaintiff, which was not an element of damages and should not have been considered, and it was error so to do, and the jury was influenced to that extent."

On this state of the record we do not believe that any reversible error is presented by this assignment. The trial court heard evidence as to the amount allowed in said verdict for attorneys' fees, and found said amount to be $250. The finding of the trial court is abundantly supported by the evidence, and a remittitur in this amount was filed by the defendant in error. In our opinion, the filing of the remittitur rendered harmless the misconduct of the jury in this particular. This issue has been fully discussed in the case of International Great Northern Railroad Co. v. Grace Hudson Cooper, 1 S. W. (2), 578, recently decided by section A of the Commission of Appeals, not yet [officially] reported, and we refer to that case for a full discussion of the law applicable to this issue.

[4] By its third assignment of error, the electric company complains of the ruling of the Court of Civil Appeals in holding that Sam Ponzi, who was not a citizen of the United States, and who qualified and sat as a juror, did not, under the circumstances, entitle the plaintiff to a new trial. The Court of Civil Appeals held that "an objection to a juror on the ground of disqualification cannot be heard when made for the first time after the verdict has been returned" and cited St. Louis, B. & M. Ry. Co. v. Broughton (Tex. Civ. App.) 212 S. W. 664, par. 5, writ refused; Squyres v. State, 92 Tex. Cr. R. 160, 242 S. W. 1024, par. 8; Schuster v. La Londe, 57 Tex. 28; German v. H. & T. C. Ry. Co. (Tex. Civ. App.) 222 S. W. 662; Rice v. Dewberry (Tex. Civ. App.) 93 S. W. 715; Stratton v. Riley (Tex. Civ. App.) 154 S. W. 606; article 2144, Revised Civil Statutes of Texas 1925; Boetge v. Landa, 22 Tex. 105.

We are of the opinion that the above authorities and numerous others amply support this ruling. As said in the case of Rice v. Dewberry, above cited:

"It seems to be settled that an objection that a juror who sat in the trial of a cause was not a qualified juror comes too late when not made until after the verdict has been returned. The rule is not made dependent upon the question of negligence on the part of the complaining party in not sooner discovering the fact of disqualification, but seems to be absolute, and doubtless rests upon reasons of public policy which require that objections going to the qualification of jurors shall be made before the return of the verdict in order to prevent the possibility of a party to a suit, after he has discovered that a juror is disqualified, taking chances on a verdict in his favor and in such case concealing the fact of the disqualification of the juror, and, if the verdict is otherwise, taking advantage of such irregularity for the purpose of obtaining a new trial."

The doctrine here announced is based on sound legal reason, and has been the settled law of this state since as far back as the case of Boetge v. Landa, 22 Tex. 105, above cited. In this case the Supreme Court, speaking through Judge Bell, holds:

"The pretense that the verdict ought to have been set aside, because the jurors were not sufficiently acquainted with the English language, to understand the testimony and the instructions of the court, was entitled to no consideration. The jury was doubtless accepted by the parties according to the usual forms of practice, and they could not afterwards be heard to question the competency of jurors accepted by themselves."

[5] By its fourth assignment of error the plaintiff in error complains of the judgment of the Court of Civil Appeals in taxing the

costs of appeal against it. In this there was no error. The appellees in the Court of Civil Appeals remitted in that court $50 from the judgment of the district court. This was because the jury allowed $200 damages to the automobile, and the petition of the plaintiff only alleged $150. This matter was raised for the first time in the Court of Civil Appeals. It was not called to the attention of the trial court, and therefore that court was given no opportunity to correct it. Under this condition of the record, the Court of Civil Appeals was correct in adjudging the costs of appeal against the electric company.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed.