### BLACK et al. v. CONTINENTAL CASUALTY CO.

### SAME v. PROVIDENT LIFE & ACCIDENT INS. CO.

#### (No. 7261.)

Court of Civil Appeals of Texas. Austin. Sept. 28, 1928.

J. W. Thomas, E. C. Zellner, and Jas. B. Hubbard, all of Belton, for appellants.

A. L. Curtis, of Belton, for appellees.

BAUGH, J. Appellant, joined by her husband, sued the appellees in two separate suits

upon insurance policies held by Elzie Burleson, deceased, in appellee companies, in which she was named as beneficiary. The two cases were tried together in the lower court, and only one record is presented on appeal. Both appellee companies denied liability on the grounds that Elzie Burleson had committed suicide. The jury so found, and judgment was rendered against appellant on that finding. Appellees have filed no brief.

Two questions are presented here for review. In the first it is urged that, because of the defective hearing of one of the jurors, discovered for the first time after the verdict, his failure to hear the testimony of one of the witnesses, and said juror's testimony that his vote was changed upon statements made to him by two of the other jurors as to what the witness whose testimony he did not hear had sworn on the trial, appellant should have been granted a new trial.

██ The general rule is that a person who is physically unfit to properly discharge the duties of a juror, such as where his hearing is so defective that he cannot fully understand the proceedings, is not qualified to sit as a juror. It seems now well settled in this state, however, that the incompetency or disqualification of a juror cannot be raised for the first time after the verdict has been returned. Boetge v. Landa, 22 Tex. 105; St. Louis, B. & M. Ry. Co. v. Broughton (Tex. Civ. App.) 212 S. W. 664; German v. Houston & T. C. Ry. Co. (Tex. Civ. App.) 222 S. W. 662; El Paso Electric Co. v. Whitenack (Tex. Civ. App.) 297 S. W. 258; Id. (Tex. Com. App.) 1 S.W.(2d) 594. Numerous cases sustain this rule, but the writer has found none in which a physical disqualification, such as we have here, was directly involved; practically all of them being instances of legal disqualification such as alienage or conviction of a felony. In the Landa Case, one of the grounds urged was that several of the jurors were not sufficiently acquainted with the English language to understand the proceedings. But in that case no statement of facts appears, and the Supreme Court dismissed the contention as a mere "pretense." We take it, therefore, that the facts did not sustain the ground urged.

We do not dissent from the rule announced, but it occurs to us that there is a distinction between a legal disqualification of a juror and a physical disqualification, or one due to a physical defect. Obviously a juror whose vision or hearing is so defective that he cannot hear material testimony, or see the conduct of the witness on the stand, cannot as an impartial juror pass upon the credibility of the witness or the weight to be given his testimony, nor render a fair and impartial verdict solely on the evidence. And, if said juror's disqualification is not discovered prior to the verdict, through no negligence of the complaining party, it is likewise obvious that

injury to his rights may result; and whether the matter of public policy in refusing to consider such disqualification after a verdict has been reached should outweigh an injury done a litigant because of such disqualification may be open to doubt.

Granting this rule, however, the appellant was entitled to a verdict of twelve jurors based upon the evidence. It is not controverted that the juror Eaker did not hear any of the testimony of Murray Burleson, a material witness. The statements to Eaker by two other jurors as to what Burleson testified are not supported by the statement of facts. These statements, according to said juror's testimony, induced him to change his vote. Nor can such statements, under the facts of this case, be considered, in our opinion, as a mere discussion of the evidence. So far as Eaker was concerned their statement to him that Murray Burleson testified that Elzie Burleson and Hancock were fighting over a woman, which was not true, amounted in effect to a statement to him of an independent fact, not in evidence, which he says caused him to change his verdict.

██ A litigant is entitled to a jury verdict arrived at by each and all of the jurors upon the evidence introduced, uninfluenced by any improper statements in the jury room, or any improper communications by any of the jurors as to matters not in evidence. Under the peculiar facts of this case, we think that the statements by the two jurors to Eaker of purported facts not in evidence, and his reaching a verdict based thereon, constituted misconduct under the rules laid down by the Supreme Court. That being true, appellant did not have a fair and impartial verdict of all twelve of the jurors, to which she was entitled. Southern Traction Co. v. Wilson (Tex. Com. App.) 254 S. W. 1104; Moore v. Ivey (Tex. Com. App.) 277 S. W. 106, and cases therein cited.

██ There is no merit in the second question raised by the appellants, seeking to draw a distinction in the language of the policies between the terms "death" and "injury." Omitting portions not pertinent here, the Continental Casualty Company's policy provides:

"The insurance given by this policy is against loss of * * * life from personal bodily injury (suicide or self-destruction while either sane or insane not included)" effected solely, etc., through accidental means.

The Provident Life & Accident Insurance Company's policy insures against—

"The effects resulting directly and exclusively of all other causes, from bodily injuries sustained during the life of this policy, solely through external, violent, and accidental means (excluding natural death, suicide, sane or insane, or any attempt thereat). * * *"

Under these provisions, we think it is wholly immaterial whether the insured inflicts immediate death upon himself intentionally, or

inflicts mortal wounds upon himself intentionally, directly and shortly thereafter causing his death. Without further discussion of appellant's second proposition, same is overruled.

For the reasons stated, the judgment of the trial court is reversed, and cause remanded for another trial.

Reversed and remanded.