F. H. SMITH v. MRS. TENNIE A. HESSEY.

Decided January 4, 1911.

1.—Verdict—Special Issues—New Trial Appeal.

Where the verdict is upon special issues appellant can not complain of a judgment rendered in accordance with the findings thereon unless he has moved to set them aside as unsupported by the evidence and assigned the failure so to do as error.

2.—Same—Judgment.

A disregard by the court in rendering judgment of certain findings on special issues will not avail the appellant where the result has been to diminish instead of increase the judgment awarded against him.

3.—Insurance—Partnership—Assignment.

If a member of a firm has an insurable interest in his partner's life, yet the insurance company declined to issue policies in that form, and they were taken on the life of each, payable to his estate, and assigned by him to his partner "to the extent of such interest as said assignee may have when the policy becomes a claim," the assignee became entitled to so much only of the proceeds on his partner's death as was due him on settlement of the partnership accounts, the balance belonging to the estate of the deceased.

Appeal from the District Court of Travis County. Tried below before Hon. George Calhoun.

*Dickens & Dickens* and *Warren W. Moore,* for appellant.—When special issues are submitted and answered, the court must base its judg-

ment upon the findings as they are, or set them aside and grant a new trial. Scott v. Bank, 66 S. W., 493; Ablowich v. Bank, 95 Texas, 429; Waller v. Liles, 70 S. W., 17, 96 Texas, 21; Casey-Swasey Co. v. Insurance Co., 32 Texas Civ. App., 158. It is immaterial whether the beneficiary in a life insurance policy becomes such by being the beneficiary named in the policy or by becoming the assignee of such policy. All that is necessary is that the beneficiary have an insurable interest in the life of the insured, and that it was the intention of all the parties that he should receive the benefits of the policy. Lewy v. Gilliard, 76 Texas, 400; Cheeves v. Anders, 28 S. W., 274, and cases cited; Connecticut M. L. Ins. Co. v. Luchs, 108 U. S., 498, and cases cited; Valton v. Insurance Co., 20 N. Y., 32; Adams v. Reed, 36 S. W., 368. A partner, simply as such, has such an interest in the life of his partner as will sustain a policy made payable to him directly or by assignment. Cheeves v. Anders, 28 S. W., 274; Connecticut M. L. Ins. Co. v. Luchs, 108 U. S., 498; Valton v. Insurance Co., 20 N. Y., 32; Adams v. Reed, 36 S. W., 568.

*Allen & Hart, Jas. H. Hart,* and *D. L. Doom,* for appellee.—The interest of appellant in the policy of life insurance taken out on the life of Hessey, deceased, was that of a creditor only, and appellant was entitled to receive out of the amount paid on said policy the amount of Hessey's indebtedness to him only, and the balance of said policy became the property of Hessey's legal representatives. Lewy v. Gilliard, 76 Texas, 400; Goldbaum v. Leon and H. Blum, 79 Texas, 638; Andrews v. Insurance Co., 92 Texas, 584.

JENKINS, ASSOCIATE JUSTICE.—This suit was instituted by appellee as survivor of the community estate of N. H. Hessey, deceased and herself, to recover of appellant the interest of said community estate in a partnership business carried on by said N. H. Hessey and appellant Smith, which interest, she alleged to be of the value of $2509.41, and also the sum of $2500, which it was alleged had been collected by appellant on an insurance policy on the life of said Hessey.

Appellee recovered nothing as to the co-partnership effects, but judgment was rendered in her behalf for $1958.41, balance due her on said insurance policy.

At the request of the appellant, the case was submitted to the jury on special issues, to all of which they returned findings. As shown by a memorandum made by the court and copied in the record herein, the court arrived at the amount of the judgment rendered on said special findings in the following manner:

"Assets.

| | | |
|---|---|---|
| Stock of mdse | $15,853 | 64 |
| Loans | 5,068 | 68 |
| Book accounts | 2,392 | 76 |
| Cash | 127 | 85 |

Furniture and fixtures.................................... 1,662 90
N. H. Hessey............................................ 4,948 45
F. H. Smith............................................ 944 16

                                                        $30,998 44
                          Liabilities.
Outstanding debts ....................................$14,284 56
Capital furnished by Smith............................ 7,200 77
Discount on book accounts............................. 199 39
Taxes ................................................ 500 00
Profit ................................................ 8,813 72

                                                        $30,998 44

One-half of net profit of $8813.72 is...................$ 4,406 86
Hessey has drawn...................................... 4,948 45

Hessey overdraft ..................................... 541 45
Allow him credit for insurance........................ 2,500 00

        Due by Smith...................................$ 1,958 41"

It does not appear from appellant's brief that he made any motion to set aside the findings of the jury, and for a new trial, and if he did so, he has not assigned error on the action of the court thereon. All of the assignments of error are to the action of the court in rendering judgment for the amount of $1958.41, except one, which is as to the refusal of the court to submit a special issue requested by appellant.

In the case of Scott v. Bank, 66 S. W., 485, this court, speaking through its present Chief Justice, said: "It seems quite clear that when a special verdict has been returned which entitles one of the litigants to a judgment, there are but two alternatives for the trial court. One is to set aside the verdict and grant a new trial, and the other is to render judgment upon and in conformity with the verdict. If the verdict is not supported by the testimony, what is the remedy of the party dissatisfied with it? . . . Can such dissatisfied party remain inactive, and, on appeal, complain of the verdict or the failure of the court to set it aside of its own motion? Clearly not, because it is not the duty of any court to set aside a verdict unless requested so to do. . . . The law charges the party against whom the jury finds the facts with the knowledge of the fact that the verdict is contrary to his success, and that unless he secures its removal, it will be followed by a judgment against him, regardless of what the evidence may be. This being the case, he must not only ask the trial court to set the verdict aside, but, if on appeal he seeks to complain on account of the verdict, he must do so under an assignment of error addressed to the action of the court in refusing to set it aside and grant a new trial."

As above stated, there is no such assignment in this case. The only

matters which we are required to consider under appellant's assignments in reference to alleged errors of the court in entering judgment on said special findings of the jury are as to whether or not the court has entered judgment in conformity with said findings, or, as we think, has the court failed so to do to the injury of appellant?

Taking the special findings of the jury as we construe them the calculation of the court in arriving at the amount of the verdict in favor of the appellee is correct, except the court has allowed five per cent for collecting all of the book accounts, which amounts to $199.39. The special finding is that only sixty per cent of said accounts are collectible, and they are charged to appellant on that basis, whereas the calculation used by the court shows that he allowed appellant a discount of five per cent for collecting the entire face value of said accounts. This would make a difference of $79.76 *in favor of appellant,* of which no complaint is made in the assignments of error. However, appellant construes the findings of the jury as fixing the inventory value of loans at $5068.69, and their market value at 25 per cent above this amount. If this be true the court has erred in its judgment on said item to the amount of $1267.17 *in favor of appellant.* Appellee does not complain of this action of the court; can appellant be heard to do so? We think not. In order for an appellant in any case to require of this court a reversal of a judgment, he must show that an error has been committed which, at least probably, resulted in his injury. If any error was committed by the court in this matter, it not only did not probably result in an injury to him, but assuredly resulted to his benefit.

Notwithstanding the fact that the verdict of the jury is not complained of by any assignment of error which would require us to examine as to the correctness of the same, we have carefully examined the statement of facts in connection with the special findings of the jury; and while there is evidence on the part of the appellant from which the jury might well have found differently, still, there is evidence sufficient to support the findings of the jury. Such being the case, this court will not set such verdict aside, nor will we disturb the judgment on the ground assigned, viz: that the evidence is insufficient to sustain the verdict of the jury.

Appellant assigns error upon the refusal of the court to submit to the jury the following special issue: "State whether or not the said Hessey and said Smith intended the policy of insurance taken out in the Southwestern Life Insurance Company, and assigned by each to the other, upon their respective deaths to be paid to the survivor, without regard to whether the one that died was indebted to him or not."

We think the court did not err in refusing to submit this issue, for the reason it was not raised by any legal evidence in the case. The evidence shows that the policy on the life of Hessey, which was collected by Smith, was applied for as a co-partnership life insurance policy; that is, that Hessey applied for said policy to be paid to appellant, stating the insurable interest of appellant in the life of Hessey to be

that of a partner.  We are not called upon in this case to decide whether or not the fact of co-partnership gives an insurable interest in the life of another, for the reason that the Southwestern Life Insurance Company notified the parties (the appellant having applied for a like policy in favor of Hessey) that it did not issue policies of that character. The Hessey policy was issued payable to his estate, and a written assignment thereof was made to appellant "to the extent of such interest as said assignee may have when said policy becomes a claim." The only interest that appellant had in said policy when the same "became a claim," that is, upon the death of Hessey, was the amount, if any, Hessey then owed appellant, which, as adjudged by the court in accordance with findings of the jury, was $541.45.  This amount the court allowed appellant to retain, and rendered judgment for appellee for the difference between the face of the policy ($2500) and this indebtedness, $541.45, which amounts to $1958.41.  This was all that appellant was entitled to under said assignment of said policy.  Lewy v. Gilliard, 76 Texas, 400; Goldbaum v. Leon & H. Blum, 79 Texas, 638; Anderson v. Insurance Co., 92 Texas, 584.

Finding no error in the record, the judgment herein is affirmed.

*Affirmed.*

Writ of error refused.