### PALM v. THEUMANN. (No. 7508.)

(Court of Civil Appeals of Texas. Galveston. Feb. 14, 1918. Rehearing Denied March 14, 1918.)

1. CONTINUANCE ⬥26(11)—DILIGENCE.

An application for a continuance because of a witness' absence *held* not to show due diligence where the witness lived near the courthouse, and the applicant knew his illness would prevent attendance, but made no effort to take his deposition before the trial.

2. APPEAL AND ERROR ⬥1043(6)—HARMLESS ERROR—DEPOSITIONS.

The trial court's refusal to allow an absent witness' deposition to be taken at the close of the trial pursuant to a stipulation *held* harmless, where such testimony would not have affected the result either in the trial court or court of civil appeals.

3. APPEAL AND ERROR ⬥742(2) — ASSIGNMENTS OF ERROR—SUFFICIENCY.

Assignments of error relating to distinct and different matters will not be considered when presented together with only one proposition submitted under all the assignments.

Appeal from District Court, Austin County; Frank S. Roberts, Judge.

Suit by Edward Palm against Charles Theumann. Judgment for defendant, and plaintiff appeals. Affirmed.

Johnson, Matthaei & Thompson, of Bellville, for appellant. C. G. Krueger, of Bellville, and Mathis & Teague, of Brenham, for appellee.

PLEASANTS, C. J. This suit was brought by appellant against appellee for an ac-

counting and to recover title to certain lands described in the petition.

The petition alleges, in substance, that defendant on various dates, beginning on March 14, 1908, received from plaintiff and others for plaintiff various sums of money aggregating the sum of $10,150, of which amount defendant had paid plaintiff the sum of $6,444, leaving a balance due plaintiff of $3,706.

It further alleged that on December 3, 1909, defendant purchased for plaintiff from Heinrich Meier a tract of 33⅓ acres of land; that on or about September 6; 1917, defendant purchased for plaintiff from Charles Buerger and others a tract of 94 acres; that on the ——— day of ———, 1909, defendant purchased for plaintiff from L. Von Roeder a tract of 93 acres of land; that on March 11, 1911; defendant purchased for plaintiff from Charles Dittert 100 acres of land; that on April 17, 1911, defendant purchased for plaintiff a tract of 20 acres of land. Each of the above-mentioned tracts of land are fully described in the petition, and the amount paid for each is stated.

The petition further alleges that:

"All of which lands were inclosed by the pasture fence of this plaintiff, and were regularly assessed for taxes by the defendant for this plaintiff, and that the state and county taxes were paid thereon ever since their purchase by this plaintiff."

The prayer of the petition is as follows:

"Wherefore, premises considered, plaintiff prays issuance and service of citation, and at the hearing prays that he be quieted in the title to the above-mentioned lands; that an accounting be had, and that plaintiff have judgment against defendant for the sums of money shown to be due from defendant to plaintiff, and for such other and further relief, both in law and in equity, that he may be justly entitled to, and as in duty bound, he will ever pray."

The defendant's answer contains a general demurrer, several special exceptions, and a general denial except as to matters thereafter admitted in said answer. Following this is an itemized statement of amounts admitted to have been received by defendant for plaintiff and amounts claimed to have been paid by him to plaintiff, or upon plaintiff's orders and for his use and benefit. This account shows a balance due the defendant of $147, for which amount defendant prays judgment against plaintiff.

Plaintiff replied to this answer by supplemental petition containing general and special exceptions, a general denial, and special denial of the correctness of a number of the items charged against him in the account contained in defendant's answer.

The trial in the court below without a jury resulted in a judgment in favor of defendant, that plaintiff take nothing, and in favor of plaintiff on defendant's counterclaim.

The evidence shows that defendant for a number of years has attended to most, if not all, of plaintiff's business affairs, and has kept and disbursed for plaintiff a large portion of plaintiff's money. There is ample evidence to sustain the finding of the trial court that defendant has fully accounted to plaintiff for the sums of money received from him and for his account and discharged his trust with the utmost fidelity..

In regard to the purchase of the lands which plaintiff alleges were purchased for him by defendant, the evidence shows that these lands were all conveyed to the defendant, and were purchased by defendant for himself, and paid for with defendant's own money. These lands have been in the possession of plaintiff since their purchase, and the taxes paid by him under an agreement with the defendant that plaintiff might fence and use the land for pasturage purposes in consideration of his payment of the taxes thereon.

If plaintiff's petition can be construed as showing any cause of action for or in regard to these lands, the evidence fully sustains the finding of the trial court that he has no right, title, or interest therein.

What is designated and submitted in appellant's brief as his first assignment of error consists of a copy of a bill of exceptions taken by plaintiff to the action of the court in failing to grant plaintiff's motion for a continuance.

Waiving the objections to the assignments, which would authorize a refusal to give it any consideration, we think the trial court properly refused to continue the case upon plaintiff's application. The ground of the application was the absence of J. W. Brooks, whose testimony plaintiff alleged was material to his case.

This suit was filed on December 19, 1916, and the case was called for trial on January 4, 1917. No process had been issued or applied for by plaintiff to procure the attendance of the witness upon the trial. The witness resided in Bellville, where the trial was held. The application contains the following allegations as to diligence and the materiality of the testimony of the absent witness:

"That the said J. W. Brooks is now confined to his bed from serious illness, under the treatment of a physician, and has been confined to his bed since December 27, 1916. before the convening of this court and the setting of this case; that Mr. J. W. Brooks is by profession a surveyor and civil engineer, and makes his office with counsel for plaintiff in this case, and has promised to attend court and be in readiness to attend the trial of this case by request of plaintiff; that no process has been issued for the attendance of said J. W. Brooks, because his condition was well known to plaintiff, and he knew after the setting of this case from day to day by diligent inquiry that said J. W. Brooks would not be able to attend court if he has been duly subpœnaed.

"Plaintiff expects to prove by the said J. W. Brooks that on or about January, 1910, that said Chas. Theumann, in company with the plaintiff in this case, came to the house of said witness, and said Chas. Theumann stated to said J. W. Brooks that he wanted him to go over near Cat Springs and survey some land for Mr. Edward Palm, and that he was along with

Mr. Palm simply to act as interpreter, and that the land belonged to Mr. Palm; that said Theumann stated that he came along to speak for Mr. Palm because he could not speak good English, and in fact the statements made by Mr. Theumann were made on behalf of Mr. Palm, as will be shown by the witness, and that Mr. Theumann was speaking in behalf of Mr. Palm, and Mr. Palm, through his said interpreter, stated to Mr. Brooks, 'I want you to go over near Cat Springs and survey some land for me.' So that in response to said request Mr. Brooks did thereafter go over to the lands in question, making two different trips, spending three days in making said survey, spending his time with plaintiff, Edward Palm, who accompanied him and assisted him in making said survey or surveys, and that the surveyor's fees were paid by plaintiff, and that the deed and field notes were handed the surveyor by Mr. Edward Palm, by which the surveys were made; that the said Chas. Theumann at no time was present during said surveys, and did not give the matter any attention whatever."

After the application was refused by the court, and plaintiff's exception to the ruling duly noted, the attorney for defendant and the court both suggested that the testimony of the witness might be obtained by having his testimony taken at his home before the close of the trial. This suggestion was agreed to by plaintiff, and the trial of the case proceeded. After all the testimony in the case had been placed before the court, plaintiff's attorney stated to the court that he desired to go and take the sworn statement of the absent witness in accordance with the agreement. The court replied that the statement of the witness of the facts alleged in the application would not affect his conclusions as to the facts of the case, and therefore it was unnecessary to obtain such statement, and, without allowing plaintiff to obtain the testimony of the witness, proceeded to render judgment in the cause. Plaintiff excepted to this action of the court and embodies his exception in the bill of exceptions of the ruling of the court refusing to grant the application for continuance.

In approving the bill the trial court makes the following statement:

"The foregoing bill of exceptions is approved with the following explanation and qualification: At the time that plaintiff presented his motion for a continuance for the testimony of the witness J. W. Brooks, plaintiff in open court stated to the court that they expected to prove by said witness that the plaintiff and defendant went to J. W. Brooks, a surveyor, and requested him to come and survey some land for Mr. Palm, the plaintiff in this case; that Mr. Palm could not speak English very well, and that in the transaction Mr. Theumann acted as an interpreter, and that the substance of Mr. Brooks' testimony would be that the said Mr. Palm stated to him, 'I want you to go over near Cat Springs and survey some land for me.' It was further admitted in open court that J. W. Brooks was suffering from a sore hand, and probably would be able to attend the session of court and testify as a witness. It was further agreed by counsel, plaintiff and defendant, that in the event said witness could not attend court that the attorneys in the case with the official stenographer could take the testimony of said witness at his home and have same read before the court if it should appear to the court to be material to any issue in the case. At the con-

clusion of all the evidence in the case, which was late in the evening, to have taken the testimony of said witness as agreed would have required the court to have postponed the conclusion of the case until the following morning and further delay other business of the court. It appearing from the testimony, and especially in view of the testimony of the plaintiff, Ed Palm, who admitted upon the witness stand that the stated accounts and all the offsets and credits claimed by the defendant in this suit were substantially true and correct as stated by him, the defendant, and that he, the plaintiff, had authorized the same except a few items, and with this admission from the plaintiff then the defendant did not have any money in his hands with which to purchase land for the plaintiff, and plaintiff, as a matter of law, could not claim title to property by reason of any resulting trust, and in view of all the testimony in the case, it appeared that the testimony of J. W. Brooks, as to what the defendant, Theumann, may or may not have said to him when said land was surveyed, was wholly immaterial, and in no way supported plaintiff's claim to said land, nor in any way contradicted the rights of the defendant, as established by the evidence and the deeds under which the defendant claimed said land in controversy, and entertaining said opinion that the testimony of said Brooks would not change the conclusion of the court, a postponement to take his testimony was accordingly denied, and judgment was then and there rendered for the defendant."

[1] Any application for a continuance on the ground of the absence of a witness which fails to show that due diligence was used by the applicant to procure the attendance or testimony of the absent witness may, in the discretion of the trial court, be overruled. With the knowledge on the part of plaintiff that the cause was set for trial, and that his witness, though within a short distance of the courthouse, would not be able to attend the trial because of sickness, the sickness not being such as to prevent his testimony being taken, and no effort being made by plaintiff to procure the testimony, it cannot be held that the application showed due diligence. Upon this showing the ruling of the trial court refusing the application should not be reversed by an appellate court. Railway Co. v. Wells, 142 S. W. 670; Carver Bros. v. Merrett, 155 S. W. 633.

[2] We think the explanation of the trial judge given in his approval of the bill of exceptions is a sufficient answer to appellant's complaint of the refusal of the court to have the testimony of the witness taken in accordance with the agreement of the parties. From this explanation it appears that the testimony would not have affected the conclusion of the court upon the fact issues in the case. This being true, if the testimony had been procured, we would not have been authorized, upon the evidence in this case, to set aside the finding of the trial court upon the issue on which the absent testimony bore. It being thus apparent that the testimony would not have affected the suit in the trial court or in this court, if there was error in the refusal of the trial court to allow appellant to obtain the testimony in accordance with the agreement such error was

harmless, and cannot authorize a reversal of the judgment. Pease v. State ex rel. Sutherland, 155 S. W. 657.

Assignments of error Nos. 2 to 4, inclusive, as presented in appellant's brief, complain respectively of the findings of the trial court upon different items of credit claimed by defendant in his answer, upon the ground that the findings are not supported by the evidence.

The evidence was sufficient to sustain the court's findings upon each of the issues presented by these assignments, and none of them can be sustained.

[3] Assignments 6 to 11, inclusive, are grouped and presented together; only one proposition being submitted under all of the assignments. These assignments relate to entirely distinct and different matters, and cannot under the rules be presented and considered together. Houston v. Stewart, 92 Tex. 540, 50 S. W. 333; Wells v. Houston, 29 Tex. Civ. App. 619, 69 S. W. 183.

Assignments 12 to 18, each of which relate to different matters, are grouped and presented together; only one proposition being submitted thereunder. For the reasons stated these assignments cannot be considered. Russell v. Duetschman, 100 S. W. 1164; Neal v. Railway Co., 37 Tex. Civ. App. 235, 83 S. W. 402.

As we have before stated, the judgment is amply sustained by the evidence, and no error is shown upon the trial that would authorize its reversal.

It follows that the judgment must be affirmed; and it has been so ordered.

Affirmed.

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes