### LONGLEY & REEVES v. MILLER et al.
### (No. 2416.)

(Court of Civil Appeals of Texas. Texarkana. May 3, 1921. Rehearing Denied June 23, 1921.)

1. Appeal and error ⊜⇒931(1)—Finding not attacked presumed to have been warranted by testimony.

It must be assumed, in the absence of an attack on it, that a finding was warranted by the testimony.

On Rehearing.

2. Appeal and error ⊜⇒931(1)—Sufficiency of evidence to sustain one finding presumed in absence of attack.

A finding that defendant was not indebted to plaintiffs in any sum will be presumed to have been warranted by testimony in the absence of an attack on it, notwithstanding contention of plaintiffs that the evidence was insufficient to sustain finding that defendant had turned over to plaintiffs cotton worth a specified amount, the determination that one of the findings was not supported by testimony not being in effect a determination that the other was also without the support of testimony where the testimony might not have shown the cotton to be worth such amount and yet have shown it to be worth enough to satisfy the amount due.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Suit by Longley & Reeves against Yancy Miller and others, consolidated with a suit against plaintiffs by T. H. Glezen. From the judgment rendered, the plaintiffs appeal. Affirmed.

Appellants, partners, sued appellees Yancy Miller, Tiny Miller, and Johnnie Wilks on a promissory note for $1,500 and an open account for $699.55, which they claimed said appellees owed them. Appellants also sought by their suit to foreclose a mortgage given by said appellees on crops grown by them to secure said note and account, and, alleging that said appellees had wrongfully disposed of a part of the crops and were wasting and threatening to dispose of other parts thereof, prayed for an injunction restraining said appellees from disposing of same and for the appointment of a receiver to take charge of the property pending the suit.

Appellants' suit was consolidated with one brought against them by appellee T. H. Glezen. The petition filed by Glezen is not a part of the record, and therefore we are unable to state the nature of his suit with certainty. It seems that Glezen claimed to own part and to have leased the remainder of the land on which the crops were grown, and claimed an interest in the crops as the landlord of the other appellees. And, on the ground, it seems, that appellants, by threatening to assault and injure said appellees Miller and Wilks, was preventing them through fear from working and gathering said crops, said Glezen sought an injunction restraining appellants from interfering with said appellees Miller and Wilks.

In the consolidated suit appellants were treated as the plaintiffs, and the Millers, Wilks, and Glezen as the defendants. In a supplemental petition filed by appellants after the suits were consolidated, they alleged that they owned said land by force of a deed thereof to them by appellees Yancy and Tiny Miller, husband and wife, and further alleged that, if appellee Glezen had purchased a part and leased the remainder of the land, as he alleged, it was from said Yancy and Tiny Miller after they had conveyed the land to appellants, and with notice of such conveyance to appellants. In reply to this, appellees charged that the land was the homestead of the Millers, and that the conveyance thereof by them to appellants was not intended by the parties to it to operate as a deed, but as a mortgage to secure indebtedness to appellants, and that same was therefore void. Appellees also alleged that the indebtedness appellants claimed against them on the note and account had been paid with cotton delivered to them by appellees.

On special issues submitted to them the jury found: (1) That appellee Yancy Miller was not indebted to appellants in any sum; (2) that cotton Yancy Miller turned over to appellants in 1918 and 1919 was worth $2,538; (3) that at the time Yancy Miller and his wife executed the instrument purporting to be a deed conveying the land referred to above to appellants appellant Longley, or the notary who took Yancy's wife's acknowledgment, represented to her that it was a mere "agreement authorizing appellants to take up" certain notes made by the Millers to another party; (4) that at said time it was agreed and understood between the Millers and appellants that said deed "was not an absolute conveyance."

Thereupon the court rendered judgment denying appellants the recovery they sought on the note and account they sued on, canceling the instrument purporting to be a deed by Miller and wife conveying the land referred to to appellants, and perpetuating an injunction he had granted appellee Glezen restraining appellant from interfering with appellee Yancy Miller while he was gathering the crops grown on said land.

Bulloch, Ramey & Storey, of Tyler, for appellants.

Simpson, Lasseter & Gentry, of Tyler, for appellees.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

WILLSON, C. J. (after stating the facts as above). Notwithstanding they relate to distinct and different matters, the first and second assignments of error are grouped in appellants' brief, and only one proposition is submitted under them. Such grouping is a violation of the rules, and therefore the assignments will not be considered. Palm v. Theumann, 201 S. W. 421.

[1] The finding of the jury that the cotton which appellee Yancy Miller turned over to appellants in 1918 and 1919 was worth $2,538 is attacked as without support in the testimony. We have not thought it necessary to determine whether the contention should be sustained or not, because if it should be sustained the judgment should not therefore be reversed; for the jury also found, and the finding is in no way attacked, that said appellee was not indebted to appellants in any sum. It must be assumed in the absence of an attack on it that the finding was warranted by testimony. Smith v. Hessey, 63 Tex. Civ. App. 478, 134 S. W. 256; Burnett v. Bank, 191 S. W. 172. If it was, the judgment is not erroneous.

The judgment is affirmed.

### On Appellants' Motion for Rehearing.

For reasons stated in the motion, appellants insist it was not a violation of the rules to group and present the first and second assignments as they did in their brief, and therefore that it was error to refuse to consider said assignments. Agreeing that the grouping was not such a violation of the rules as should operate to deprive appellants of a right to have the contention presented by the proposition under the assignments determined, we have considered same, and have concluded it should be overruled.

[2] Appellants also insist that the fact that they did not attack the finding that Yancy Miller was not indebted to them in any sum was not a reason why the assignment attacking, as without the support of testimony, the finding that the cotton which Yancy Miller turned over to them in 1918 and 1919 was worth $2,538 should not be considered. The two findings, they say, were based on identically the same testimony. Therefore, they argue, a determination that one of them was not supported by testimony in effect would be a determination that the other also was without the support of testimony. But we do not think so. There was no testimony whatever showing that appellees owed appellants anything on the open account sued on. The amount of the note, including interest and attorney's fees, was less than $200. So it is obvious the testimony might not have shown the cotton to be worth $2,538 and yet have shown it to be worth enough to satisfy the amount due on the note. But, while the view of this matter expressed in the opinion affirming the judgment is believed to be correct, it may be stated that a majority of the court (the writer not agreeing) were and are of opinion the finding attacked had sufficient support in the testimony. Therefore, had appellants' contention been considered, it would not have been sustained.

The motion is overruled.