## W. T. WAGGONER v. G. M. PORTERFIELD, NEXT FRIEND.

### Decided April 8, 1909.

**1.—Master and Servant—Negligence—Contributory Negligence—Assumed Risk.**

Evidence considered, in case of a minor employed in a cotton oil mill and injured while endeavoring to set a belt upon a revolving shaft, being drawn into the machinery by his clothing catching upon a projecting set-screw upon a collar of the shaft, and held to present questions of fact upon the issues of negligence, contributory negligence and assumed risk justifying the submission of each of those issues to the jury.

**2.—Evidence—Negligence—Alteration of Machinery after Injury.**

Admissions of evidence that the projecting set-screw by which plaintiff was caught and drawn into a revolving shaft had been removed by defendant after the injury, were not erroneous where such proof was offered, not as evidence of negligence, but as excuse for plaintiff's inability to have such set-screws exhibited for examination upon the trial.

**3.—Evidence—Master and Servant—Knowledge of Defects.**

Testimony by a minor employee that his attention had never been called to a projecting bolt in the machinery which he was operating which caused him to be caught and injured, was admissible on the question of his knowledge or means of knowledge of its existence.

**4.—Evidence—Argument—Harmless Error.**

Errors in admitting evidence and in the comment of counsel thereon become harmless where the issue to which they referred was not submitted to the jury.

**5.—Master and Servant—Obvious Dangers.**

Evidence as to defect in machinery (a projecting set-screw) held not to show a danger so obvious as to make immaterial the failure to instruct or warn a minor employee in regard to the danger from its use.

**6.—Requested Instruction—Definition.**

The refusal of a requested charge defining negligence was not error where same was sufficiently and correctly defined by the charge given.

**7.—Argument of Counsel.**

Objectionable remarks of counsel were not ground for reversal where the court instructed the jury not to consider or be influenced by them.

**8.—Requested Instructions.**

Refusal of requested charges applying the law specifically to the facts of the case was not ground for reversal where the law was fully and affirmatively applied by the main charge given.

**9.—Juror—Qualification.**

The objection that a juror had served more than six days in the District Court within the six months preceding the trial comes too late after a verdict.

**10.—Damages—Personal Injuries.**

A recovery of damages in the sum of $10,000, for personal injuries involving loss of right arm, held not excessive.

Appeal from the District Court of Tarrant County. Tried below before Hon. M. E. Smith.

*R. W. Hall, Marshall Spoonts* and *Stephens & Miller,* for appellant. —The court should have given to the jury a peremptory instruction to find for the defendant, because the uncontradicted testimony showed that the defendant was not guilty of negligence in using the set screw complained of in the position in which it was. Hale v. Cheney, 34 N. E., 255; Keats v. National Heeling Machine Co., 65 Fed., 940-941; Goodenow v. Walpole Emery Mills, 15 N. E., 576; Rooney v. Sewall & Day Cordage Co., 36 N. E., 789.

And also because the uncontradicted testimony showed that the said set screw complained of and the safety collar was not hidden, but open, patent and obvious to any person who made an examination, and therefore the plaintiff, in entering the service of the defendant, assumed all risk of danger from said set screw. Russell v. Tillotson, 4 N. E., 231; Jones v. Galveston, H. & S. A. Ry. Co., 11 Texas Civ. App., 39; Mutter v. Lawrence Mfg. Co., 81 N. E., 263; Kenney v. Hingham Cordage Co., 47 N. E., 117.

And also because the uncontradicted testimony showed that the injury suffered by the plaintiff was caused by his own act in taking the position occupied by him at the time of such injury. Illinois C. Ry. Co. v. Swift, 72 N. E., 737; Carrier v. Union P. Ry. Co., 59 Pac., 1075; Atchison, T. & S. F. Ry. Co. v. Tindall, 48 Pac., 13; Union P. Ry. Co. v. Estes, 16 Pac., 140; Schoultz v. Eckardt Mfg. Co., 36 So., 594; Carriere v. McWilliams, 29 So., 333; Demers v. Marshall, 59 N. E., 454.

The testimony tending to show that the set screw in controversy had been removed and another set screw had been put in its place was immaterial because it is an attempt to prove negligence by something which occurred after the accident complained of. Gulf, C. & S. F. Ry. Co. v. McGowan, 73 Texas, 355; Missouri P. Ry. Co. v. Hennessey, 75 Texas, 158; St. Louis, A. & T. Ry. Co. v. Johnston, 78 Texas, 540; Texas T. Ry. Co. v. Ayres, 83 Texas, 270; St. Louis & S. F. Ry. Co. v. George, 85 Texas, 157; City of Dallas v. Meyers, 55 S. W., 742.

If the set screw was projecting beyond the safety collar, then the danger from it was patent, apparent and obvious, and it was not required of defendant to give notice thereof or to warn the plaintiff of its condition. Demers v. Marshall, 59 N. E., 464; Ford v. Pulp Co., 52 N. E., 1065; Demers v. Marshall, 52 N. E., 1066; Rooney v. Sewall & Day Cordage Co., 36 N. E., 789; Keats v. National Heeling Machine Co., 65 Fed., 940.

It was error for the court to refuse to give a proper and correct definition of "negligence" when requested so to do by the defendant. San Antonio & A. P. Ry. Co. v. Safford, 48 S. W., 1105; Southern Cotton Press Co. v. Bradley, 52 Texas, 599; Milligan v. Texas & N. O. Ry. Co., 27 Texas Civ. App., 600.

There is no withdrawal of the objectionable remarks by counsel for the plaintiff. There was no specific instruction by the court that the fact which he stated or the measure of damages which he repeatedly insinuated should not be considered. Their introduction into the case was error. The presumption always is that error produces prejudice. It is only when it appears so clearly as to be beyond doubt that the error challenged did not prejudice and could not have prejudiced the complaining party that the rule that error without prejudice is no ground for reversal is applicable. United States v. Gentry, 55 C. C. A., 658-663, 119 Fed., 70, 75; Railroad Co. v. Holloway, 52 C. C. A., 260, 267, 114 Fed., 458, 465; Association v. Shryock, 20 C. C. A., 3, 11; 73 Fed., 774, 781; Railway Co. v. McClurg, 8 C. C. A., 322, 325, 326; 59 Fed., 860, 863; Deery v. Cray, 5 Wall., 795, 807, 808; 18 L. ed., 653; Smith v. Shoemaker, 17 Wall., 630, 639, 21 L. Ed., 717; Moores v. Bank, 104 U. S., 625, 630; 26 L. ed., 870; Gilmer v. Higley, 110 U. S., 47, 50; 3 Sup. Ct., 471; 28 L. ed., 62; Railroad Co. v. O'Brien, 119 U. S., 99, 103; 7 Sup. Ct., 118; 30 L. ed., 299; Mexia v. Oliver, 148 U. S., 664, 673; 13 Sup. Ct., 754; 37 L. ed., 602; Railroad Co. v. O'Reilly, 158 U. S., 334, 337; 15 Sup. Ct., 380; 39 L. ed., 1006; Peck v. Heurich, 167 U. S., 624, 629; 17 Sup. Ct., 927; 42 L. ed., 302.

A juror who has served six days as a juror in the District Court within six months prior to the time he is taken is disqualified from further jury service, and, the disqualification of E. Powell being shown, the court erred in overruling a motion for new trial upon that ground. Rev. Stats., 1895, art. 3139, subd. 5; San Antonio & A. P. Ry. Co. v. Lester, 99 Texas, 214.

*Berry & Lucky* and *McLean & Carlock,* for appellee.—At least the testimony shows such a state of facts upon the issue of negligence on

defendant's part, as made it a question for the decision of the jury. Texas Mexican Ry. Co. v. Higgins, 44 Texas Civ. App., 523; Bonn v. Galveston, H. & S. A. Ry. Co., 82 S. W., 809; Mountain Copper Co. v. Pierce, 136 Fed., 150; Columbia Box & Lumber Co. v. Drown, 156 Fed., 459; Dowling v. Allen, 74 Mo., 13; s. c., 41 Am. Rep., 298; Homestake Min. Co. v. Fullerton, 69 Fed., 923; Pruke v. South Park Furn. Co., 71 N. W., 276; Ingraham v. Moore, 27 Pac., 306; 4 Thompson's Commentaries on the Law of Negligence, secs. 4020, 4021, 4022, 4023.

Appellant owed the duty to appellee to use ordinary care to furnish him with a reasonably safe place to work, and owed him the duty of inspecting and keeping the same in a reasonably safe condition; appellee owed the duty of using ordinary care in protecting himself against dangerous appliances, but owed no duty of examination for the purpose of discovering defective or dangerous appliances in the machinery with which he was called upon to work. The court correctly charged the law of assumed risk applicable to the facts of this case. Bonnet v. Galveston, H. & S. A. Ry. Co., 89 Texas, 72; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347; Peck v. Peck, 99 Texas, 10; Smith v. Buffalo Oil Co., 41 Texas Civ. App., 267; San Antonio & A. P. Ry. Co. v. Engelhorn, 24 Texas Civ. App., 324; Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 287; Galveston Oil Co. v. Thompson, 76 Texas, 237; Bowman v. Texas Brewing Co., 17 Texas Civ. App., 446; St. Louis S. W. Ry. Co. v. Smith, 30 Texas Civ. App., 336; Gulf, C. & S. F. Ry. Co. v. Moore, 28 Texas Civ. App., 603; 1 Shearman & Redfield on Negligence, 4th ed., sec. 186.

The "uncontradicted testimony" did not show that the injury suffered by plaintiff was caused by his own act in taking the position occupied by him at the time of such injury, and the court correctly refused to charge the jury peremptorily to find for the defendant on this issue. See authorities cited above, and also the following: Greenville Oil & Cotton Co. v. Harkey, 20 Texas Civ. App., 225; Texas Mexican Ry. Co. v. Higgins, 44 Texas Civ. App., 523; Galveston Oil Co. v. Thompson, 76 Texas, 237; Ind. Lumber Co. v. Bivens, 47 Texas Civ. App., 396.

We submit the following authorities, which are applicable to all the objections urged by the counsel for appellant to the remarks of counsel for appellee. San Antonio Traction Co. v. Parks, 97 S. W., 510; International & G. N. Ry. Co. v. Alleman, 115 S. W., 74; St. Louis S. F. & T. Ry. Co. v. Knowles, 44 Texas Civ. App., 176; 44 Texas Civ. App., 75 and 643; De La Verne Refrigerator Co. v. Stahl, 24 Texas Civ. App., 471; Galveston, H. & S. A. Ry. Co. v. Smith, 24 Texas Civ. App., 127; Brown v. Perez, 89 Texas, 282; Heidenheimer v. Thomas, 63 Texas, 287.

The objection to a juror on the ground of disqualification can not be heard when made for the first time after verdict. Schuster v. La Londe, 57 Texas, 29; Newman v. Dodson, 61 Texas, 96; International & G. N. Ry. Co. v. Woodward, 26 Texas Civ. App., 389; Moore v. Woodson, 44 Texas Civ. App., 503; Rice v. Dewberry, 93 S. W., 715; Walker v. State, 99 S. W., 366.

LEVY, ASSOCIATE JUSTICE.—Appellee, a minor suing by next friend, suffered the loss of an arm while in the service of appellant in the Vernon Cotton Oil Mill, and in his petition claims that his injury was the result of the negligence of the appellant in failing to provide him a reasonably safe place in which to work, and in permitting a set screw resting in the collar that surrounded the line-shaft and near the coupling to project outwardly and beyond the surface or face of said collar and line-shaft. The appellant answered by general denial, contributory negligence and assumed risk. The case was tried to a jury, and in accordance with their verdict a judgment was rendered in favor of appellee.

The seed house of the Vernon Cotton Oil Mill was a building about 50 by 300 feet in size. The machinery therein was in the east end of the building, and consisted of a system of conveyors, cleaning machinery, reels, etc. The power for the operation of the machinery in the seed house was conveyed from the engine to the seed house by a line-shaft and belting about 300 feet long. This line-shaft did not extend through the full length of the seed house, but to about 25 to 30 feet from the east end of the same. It hung on bearings to upright posts, which were about 30 feet high and placed on the floor on a good foundation and extended up to within about five or six feet of the top of the seed house. The bearings on which the line-shaft ran were on the north side of the posts, which were about ten feet apart, and there were three pulleys between the said posts and the line-shaft. The line-shaft had a collar on its west end 2 7-16 inches in diameter, whose office it is to keep out the end play of the shaft—that is, from working east and west—and this collar was attached to the line-shaft by means of a set screw running through the center of the collar. It is conclusively shown that this set screw which so fastened the collar near the west end of the shaft and against the bearing was longer than was necessary and projected out of the collar 1⅜ inches. The line-shaft was from about 14 to 16 feet from the floor of the seed room. Some 3½ feet below the line-shaft and on the south side of the upright posts to the north side of which the line-shaft was fastened by bearings, was a board two inches thick and ten inches wide for the employes to stand on while putting belts on the pulleys of the line-shaft and oiling the bearings of said line-shaft, and that board was supported by two horizontal pieces which were fastened to the upright posts and braced. On the same side of the upright posts there was a 2-by-6 board extending between the two posts and fastened to them, and on the south side of them and some two or three feet above the line-shaft, for the employes to hold to while engaged in putting belts upon the pulleys of the line-shaft. Appellee was twenty years of age and had been at work in the seed house about three days before the injury, and before entering the service of appellant had had about ten days' experience in working in the seed house of a cotton oil mill at the same kind of work. The injury is shown to have occurred in substantially the following manner: Appellee and Robert Coon had picked the lint cotton off of the reel in the seed house, and then appellee, as was his duty, went back on the platform that ran along by the line-shaft to put on the reel belt, while Coon staid down on the floor to hold on the shaker

belt, which, without his holding it on, would come off every time the reel was started. The belt was on the left side of the pulley, and appellee turned himself towards the pulley, with his left side towards the shaft, supporting himself on the platform, and his right hand holding the support above him provided for the purpose, and with his left hand laid the belt upon the pulley; and then, laying the palm of his left hand against the belt, attempted to give the belt a tilt, and as he did so the set screw, which was somewhere between two and four feet from the pulley and hip-high to him, caught his clothing about his hip on the left side and carried him around the shafting, tearing off his clothing, and his left arm was caught in the pulley and was clipped off, and he fell to the floor, a distance of about seventeen feet. The evidence as to whether appellee had his suspender down at the time of his injury is in conflict. Appellee says he did not have his suspender down, but properly adjusted over his shoulder. Appellee testified, in effect, that he did not know nor had his attention ever been directed to the fact that there was a projecting set screw in the collar around the shafting, and that he had had very little opportunity to see it because of the short time of three days he had been at work and the fact that the end of the shaft was fifteen feet above the floor of the seed room, and at times when he had occasion to be up near the place where the set screw was the machinery was running, and the shaft, collar and set screw were at the time revolving at a speed of 240 revolutions to the minute. The verdict of the jury involves a finding in favor of the appellee on all the issues in the case, and in deference to the verdict of the jury, which we think is sustained by the evidence, we conclude that the appellant was guilty of negligence as claimed in the petition, and that the appellee was not guilty of contributory negligence, and that he did not know nor in the circumstances could he have reasonably seen that the set screw projected over the rim of the collar of the line-shaft, and that the amount of damages awarded by the verdict is sustained by the evidence.

*After stating the case.*—By the first assignment of error it is contended that the court erred in refusing to give a peremptory instruction to the jury to find for appellant. We do not think there was error. It was properly a question, we think, for the decision of the jury, in all the circumstances of the case, as to whether appellant was guilty of negligence in permitting the set screw which caused appellee's injury, to project above the collar in which it was inserted. Bonn v. Galveston, H. & S. A. Ry. Co., 82 S. W., 809; Mountain Copper Co. v. Pierce, 136 Fed., 150; Columbia Box & Lumber Co. v. Drown, 156 Fed., 459; Pruke v. South Park Furniture Co., 71 N. W., 276; Ingraham v. Moore, 27 Pac., 306. See 4 Thompson Commentaries on Neg., secs. 4020, 4022. We do not think that it could be held in the case that appellee was precluded from a recovery because he assumed the risk of danger from the set screw. The undisputed evidence shows that he had no knowledge of the projecting set screw, and had had very little opportunity to see it. He had been at work in the seed house only three days prior to the injury. The set-screw was near the end of the shaft and fifteen feet above the floor of the seed room,

and at the times when appellee had occasion to be up near the place where the set screw was the machinery was running, and the shaft, collar and set screw were revolving at a speed of 240 revolutions to the minute, which rendered it difficult for him to have become aware of the fact that the set screw projected out above the surface of the collar. Several witnesses testified that while the line-shaft was revolving at its usual speed a person looking at it could not distinguish that it was a set screw. It was uncontroverted that no warning or instruction was given the appellee about the set-screw. It was shown by several competent witnesses that it was unusual for the set screw to project from one to two inches above the collar. The servant has the right to rely upon the assumption that the machinery with which he is called upon to work is reasonably safe. He does not assume the risks arising from the failure of the master to do his duty, unless he knows of the failure and the attendant risks, or in the ordinary discharge of his own duty must necessarily have acquired the knowledge. Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347; Peck v. Peck, 99 Texas, 10; Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 287; Galveston Oil Co. v. Thompson, 76 Texas, 237. As to whether or not the manner in which appellee undertook to put the belt on the pulley was more dangerous than another way that the same work might have been done is a controverted question between the witnesses who testified in the case. We do not think it could be held as a matter of law that appellee was guilty of contributory negligence, under all the facts and circumstances of the case. Missouri, K. & T. Ry. Co. v. Keefe, 37 Texas Civ. App., 588; St. Louis & S. F. Ry. Co. v. Vestal, 38 Texas Civ. App., 554, 86 S. W., 790; Greenville Oil & C. Co. v. Harkey, 20 Texas Civ. App., 225, 48 S. W., 1005; Industrial Lumber Co. v. Bivens, 47 Texas Civ. App., 396, 105 S. W., 831; Smith v. Buffalo Oil Co., 41 Texas Civ. App., 267.

The only purpose of the evidence complained of in the second assignment being to ascertain whether or not the set screw could be produced in court, and not offered or insisted upon to show that the set screw had been removed after the injury, there was no error, and the assignment is overruled.

It was permissible for appellee to show his knowledge or means of knowledge of the existence and presence of the set screw, and the third assignment is overruled.

Assignments 4, 5, 5a, 5b and 5c are overruled. The evidence which counsel commented on was properly admitted in the case in the first instance. The court failing to submit to the jury any issue of negligence as to the running-board, which was plead, the objections urged were entirely removed.

The petition alleged that appellee was a minor and inexperienced in the work about an oil mill, and that appellant was so informed prior to the injury, and failed to instruct him how to do the work. His evidence tended to show these allegations. His evidence was to the effect that previous to the injury he did not see the set screw, and had occasion to be near it only once or twice during the time that he had been working, which was three days, and then the machinery was in

continual rapid revolution. The sixth and seventh assignments are therefore overruled.

We do not think there was reversible error shown in assignments eight, nine, ten, twelve, thirteen and fourteen. We think the court fully and correctly instructed the jury as to what would constitute negligence in the case, and the eleventh assignment is overruled. Assignments fifteen, sixteen, seventeen, eighten, nineteen, twenty, twenty-one and twenty-two relate to objections made to the argument of counsel in the case. We are not prepared to hold that the remarks of counsel complained of were of that character and kind as to require or warrant a reversal of the case. The court especially instructed the jury in his main charge not to consider or be influenced by certain statements made by counsel.

The twenty-third, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth and twenty-ninth assignments relate to the refusal of the court to give special charges. We have considered all these assignments, and think they should be overruled. The main charge of the court correctly, fully and affirmatively applied the law applicable to the facts of the case.

The thirtieth and thirty-first assignments relate to the disqualification of a juror. The objection that the juror had served more than six days in the District Court within the six months preceding the trial comes too late after verdict. Schuster v. La Londe, 57 Texas, 28; Newman v. Dodson, 61 Texas, at p. 96; Rice v. Dewberry, 93 S. W., 715.

The thirty-second assignment claims that the verdict is excessive. Considering the age and the injury and suffering of appellee in the case, we do not feel warranted in holding that the verdict is excessive. See Galveston, H. & H. Ry. Co. v. Bohan, 47 S. W., 1050.

The case was ordered affirmed.

*Affirmed.*

Writ of error refused.