is such limitation. Williford v. State, 38 Tex. Cr. R. 397, 42 S. W. 972; Smith v. State, 81 Tex. Cr. R. 368, 195 S. W. 599. .

[3] There was evidence that at the time of the homicide deceased had his knife·in his hand. We find none, however, descriptive of the knife, or upon which the jury could predicate a finding that it was a deadly weapon. In this state of the evidence we do not regard the failure of the court to instruct the jury on the presumption of intent to kill by the deceased, arising by the use by him of a deadly weapon, as error. Hudson v. State, 59 Tex. Cr. R. 655, 129 S. W. 1125, Ann. Cas. 1912A, 1324.

The error pointed out requires a reversal of the judgment, which is ordered.

═══

ST. LOUIS, B. & M. RY. CO. v. BROUGHTON et al.   (No. 7682.)

(Court of Civil Appeals of Texas. Galveston.. March 18, 1919. On Motion for Rehearing, May 8, 1919.)

1. RAILROADS ⊚⟞272—PERMANENT IMPROVE‧‧ MENTS BY RECEIVER—EVIDENCE.

Evidence *held* to show that improvements were made upon railway properties by receiver out of earnings while in his hands in excess of amount sued for by one injured by the negligence of the receiver's servants.

2. RAILROADS ⊚⟞397(1)—INJURY TO PERSON ON TRACK—EVIDENCE—ADMISSIBILITY.

In action for negligence in driving cars against standing cars with such force as to cause standing cars to strike one crossing track located on an avenue, testimony as to use of avenue by public was relevant and admissible; but conveyances evidencing defendant's right to operate a railroad along the avenue *held* irrelevant and immaterial.

3. APPEAL AND ERROR ⊚⟞1050(2) — ADMISSION OF IMMATERIAL TESTIMONY — HARMLESS ERROR.

If evidence complained of was immaterial and could not affect proper disposition of the case, its admission would at most constitute harmless error, for which court on appeal cannot reverse judgment.

4. JURY ⊚⟞132—QUALIFICATION OF JURORS —EVIDENCE.

Testimony of a juror who had been accepted and sat as a juror *held* to show that he was qualified.

5. APPEAL AND ERROR ⊚⟞230 — OBJECTION IN LOWER COURT — DISQUALIFICATION OF‧ JUROR.

An objection to a juror on the ground of‧ disqualification cannot be heard when made for the first time after verdict.

Appeal from District Court, Matagorda County; John M. Green, Special Judge.

───────────────────

⊚⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by W. H. Broughton, in behalf of himself and as next friend for his son, against the St. Louis, Brownsville & Mexico Railway Company. From the judgment rendered, the Company appeals. Affirmed.

Gaines & Corbett, of Bay City, and E. H. Crenshaw, Jr., of Kingsville, for appellant.

J. W. Conger and Krause & Wilson, all of Bay City, for appellees.

LANE, J. This suit was originally brought by W. H. Broughton, father of Ira Broughton, a boy of 13 years of age, in behalf of himself and as next friend for his son, against the Gulf, Colorado & Santa Fé Railway Company and Frank Andrews, as receiver of the properties of the St. Louis, Brownsville & Mexico Railway Company, to recover damages for personal injuries to said Ira Broughton, alleged to have been caused by the negligent operation of one of the trains of the St. Louis, Brownsville & Mexico Railway Company by the servants of said receiver, and for medical expenses incurred by W. H. Broughton for said Ira Broughton.

The case has been once before appealed, and will be found reported under the style Broughton et al. v. Gulf, Colorado & Santa Fé Railway Co. et al., 186 S. W. 354. The statement of the nature of the case and of the pleadings of the parties made in the report referred to is sufficiently full for the purposes of this appeal, together with this additional statement:

After a reversal by this court, upon the grounds disclosed by said report, the plaintiffs filed their amended and supplemental petitions, renewed the material allegations of their former petitions, and in addition thereto alleged that the defendant Gulf, Colorado & Santa Fé Railway Company had, by a judgment in its favor, been discharged from liability, and had been dismissed from the suit; that upon the petition of the St. Louis, Brownsville & Mexico Railway Company, Frank Andrews, receiver, was discharged as such receiver of said railway company on the 17th day of April, 1916, by order of the District Court of the United States, for the Southern District of Texas, and by said order, Frank Andrews, receiver, was directed and required and did forthwith and without sale deliver to the St. Louis, Brownsville & Mexico Railway Company all properties, of whatsoever kind or character, wheresoever situated, belonging to the St. Louis, Brownsville & Mexico Railway Company; that while said properties of said St. Louis, Brownsville & Mexico Railway Company were in the hands of said receiver, earnings from its operation in excess of the aggregate of all debts and liabilities incurred by the receiver were expended for betterments and improvements of the property; that the benefits, all of which were realized by the company after the property was restored, were far in excess of any demands that were assumed by the said railway company under said order, and far in excess of plaintiffs' demands herein; that thereby the defendant, St. Louis, Brownsville & Mexico Railway Company, became liable, and promised to pay plaintiffs their said damages.

Upon proper motions Frank Andrews, receiver, was dismissed from the suit, and the St. Louis, Brownsville & Mexico Railway Company was made party defendant.

The defendant, St. Louis, Brownsville & Mexico Railway Company, demurred generally to plaintiffs' petition, and specially excepted to the petition on the grounds that it showed upon its face that the injuries alleged to have been received by the plaintiff Ira Broughton were received on the tracks of the Gulf, Colorado & Santa Fé Railway Company; also excepted thereto on the ground that the injuries, if any, sustained by the plaintiff, were results of the gross carelessness and negligence of the plaintiff Ira Broughton in passing from the main line of the Santa Fé to the side track; and, further excepting to plaintiffs' pleadings, defendant alleged that the rights conferred by article 2141, Revised Civil Statutes, were not available to the plaintiff, for the reasons: (1) Defendant's properties were being operated by a receiver appointed by and under authority of the United States District Court for the Southern District of Texas; (2) because said receiver had been discharged without preserving any rights in the plaintiffs.

Defendant, St. Louis, Brownsville & Mexico Railway Company, further answered by general denial and specially alleging that when the injuries were received by Ira Broughton its properties were in the hands of and being operated by Frank Andrews, receiver appointed, qualified, and acting under orders of the United States District Court for the Southern District of Texas, and that defendant was not responsible for any negligent acts of the said Frank Andrews, receiver, or his agents.

Defendant's demurrers, both general and special, were by the court overruled, after which the court charged the jury as follows:

"This case is submitted to you upon what is known as 'Special Issues,' but before setting forth what the special issues are I will give you some explanations, definitions, and instructions on the law of the case, which you are to consider in determining said issues.

"(1) 'Negligence,' as used herein, means the want of ordinary care towards one to whom care is due. By 'ordinary care' is meant such care as an ordinarily prudent person should have exercised under the same or similar circumstances.

"(2) By 'proximate cause' is meant a cause

without which the injury would not have happened and from which that injury or some like injury might reasonably have been anticipated as a natural or probable consequence.

"(3) 'Contributory negligence,' as applied to a minor plaintiff, means some act or omission on the part of the plaintiff which an ordinarily prudent person of his age and discretion would not do or suffer, and which concurring with negligence of a defendant, so causes or contributes to the injury that, but for such want of care on the part of the plaintiff, the injury would not have happened.

"(4) And you are further instructed that in answering these special issues submitted to you, whenever the terms 'negligence,' 'ordinary care,' 'contributory negligence,' and 'proximate cause' are used, you will understand and apply each in the sense in which it has been above defined, and will refer to the definition for its meaning.

"(5) You are the exclusive judges of the facts submitted to you, and of the credibility of the witnesses, and the weight to be given to their testimony, but you are to be governed as to the law by the court's instructions, which you are to consider in their entirety, and not in isolated or detached parts.

"The burden is upon plaintiffs to prove the facts necessary to entitle them to recover, as submitted to you, by a preponderance of the evidence."

The following are the special issues submitted to the jury, together with the answers thereto:

"State whether or not you find from the evidence that betterments and permanent extensions were made upon and for the benefit of the properties of the St. Louis, Brownsville & Mexico Railway Company, by the receiver, Frank Andrews, out of the earnings of said properties while in his hands as receiver, in excess of the amount claimed by plaintiffs in this suit. You will answer this issue Yes or No. Answer: Yes.

"If you answer this issue in the negative, then you need not consider and answer any other of the following issues, but will return such answer as your verdict herein. But if you answer said issue in the affirmative, you will consider the following issues:

"Special Issue No. 2. State whether or not you find from the evidence that the plaintiff Ira Broughton was injured in Bay City, Tex., on the 6th day of April, 1914, by the St. Louis, Brownsville & Mexico Railway Company's train while in the hands of its receiver, Frank Andrews, backing in and upon the side track of Avenue J, running parallel with the main line of the Gulf, Colorado & Santa Fé Railway Company and across Seventh street, and by striking two or three box cars standing upon said side track, thereby caused them to collide with the said plaintiff Ira Broughton. To this issue you will answer Yes or No. Answer: Yes.

"Special Issue No. 3. If you have answered special issue No. 2 in the negative, then you need not answer this special issue, but if you find from the evidence under special issue No. 2 that the plaintiff Ira Broughton was injured, then you will state whether or not 'such injury was of such a nature as to require the amputa-

tion of the left foot of the said plaintiff Ira Broughton. You will answer this issue Yes or No. Answer: Yes.

"Special Issue No. 4. State whether or not you find from the evidence that the defendant, St. Louis, Brownsville & Mexico Railway Company, operating its train by and through its receiver, Frank Andrews, on the 6th day of April, 1914, while backing its said train upon the side track of the Gulf, Colorado & Santa Fé Railway Company, as hereinbefore stated, on Avenue J, had a lookout on the north car of said moving train as it backed in. To this issue you will answer Yes or No. Answer: No.

"Special Issue No. 5. If you have answered the next preceding special issue No. 4 in the affirmative, you need not answer this issue, but if you have answered same in the negative, then you will state whether or not the said defendant, St. Louis, Brownsville & Mexico Railway Company, so operating its train by its said receiver, Frank Andrews, was negligent in backing its said train in and upon said side track of the Gulf, Colorado & Santa Fé Railway Company, on Avenue J in the city of Bay City, Tex., without having a lookout upon the rear car of said moving train as it so backed in. You will answer this issue Yes or No. Answer: Yes.

"Special Issue No. 6. State whether or not the said defendant, St. Louis, Brownsville & Mexico Railway Company, while in the hands of its receiver, Frank Andrews, in operating its train over the tracks of said Gulf, Colorado & Santa Fé Railway Company on said Avenue J on said 6th day of April, 1914, was moving at the time at an excessive or dangerous rate of speed under the circumstances and conditions surrounding the locality where the accident occurred. You will answer this issue Yes or No. Answer: Yes.

"Special Issue No. 7. If you have answered special issue No. 6 in the negative, then you need not answer this special issue, but if you have answered special issue No. 6 in the affirmative, then state whether or not the rate of speed at which said train was backed on the side track of the Gulf, Colorado & Santa Fé Railway Company on Avenue J was negligence. You will answer this question Yes or No. Answer: Yes.

"Special Issue No. 8. If you have answered both special issues Nos. 5 and 7 in the negative, then you need not answer this special issue, but if you have answered special issue No. 5, or special issue No. 7, in the affirmative, then you will state whether or not such negligence was the proximate cause of the injury, if any, of the said plaintiff Ira Broughton. You will answer this issue Yes or No. Answer: Yes.

"Special Issue No. 9. You will state whether or not the plaintiff Ira Broughton was at the time of his injury, if any, guilty of contributory negligence as that term is hereinbefore defined. You will answer this issue Yes or No. Answer: No.

"If you have answered special issue No. 2 in the negative, then you need not answer special issues following, which are Nos. 10 and 11. Or if you have answered both special issues 5 and 7 in the negative, then you need not do so; or, if you have answered No. 9 in the affirmative, you need not answer Nos. 10 and 11, but if you have answered special issue No. 2 in the

affirmative, and either one or both special issues Nos. 5 and 7 in the affirmative, and special issue No. 9 in the negative, you will answer the next two special issues, which are special issues Nos. 10 and 11.

"Special Issue No. 10. What sum do you believe from the evidence will fairly and justly compensate plaintiff Ira Broughton for alleged injuries suffered by him on the occasion in question, taking into consideration as elements of damage, so far as shown by the evidence, to be a natural and necessary result of such injuries, mental anguish, if any, and physical suffering, if any, to him consequent upon such injury, and the reasonable value, if paid now, of his diminished capacity on account thereof to labor and earn money in the future, after arriving at the age of 21 years, if any? This issue you will answer in dollars, stating the amount thereof. Answer: $7,500.

"Special Issue No. 11. What sum do you believe from the evidence will fairly and justly compensate plaintiff W. H. Broughton for the loss of the services of his said child, Ira Broughton, during the remainder of the minority of said Ira Broughton, and for all expenses and losses necessarily and reasonably incurred by said W. H. Broughton for medical attention, nursing, and care to said Ira Broughton while sick as a result of such injury, if any? This issue you will answer in dollars, stating the amount thereof. Answer: $865."

Upon these answers of the jury judgment was rendered in favor of Ira Broughton for the sum of $7,500 and for W. H. Broughton for the sum of $865. From this judgment the defendant, St. Louis, Brownsville & Mexico Railway Company, has appealed.

Counsel for appellant has filed in the trial court 90 assignments of error, more than 80 of which have been presented in his brief. After having devoted 222 pages of his brief of 229 pages to a discussion of all and each of these assignments, he has, on page 223, stated that there are in fact only three assignments which present anything more than minor or immaterial error. This admission, however, comes too late to relieve the court of the necessity of reading this entire brief of unnecessary length. This court had, however, come to the conclusion before reaching such admission that all of the assignments except a very few were frivolous and wholly without merit. We are unable to protect this court against the imposition of being required to read unnecessarily long briefs in which numerous assignments, wholly without merit, are at great length presented, but we can and will decline to devote the time of the court in writing at length in the discussion of such assignments. We shall in this case discuss only such assignments as may have been reasonably thought to present error.

By assignments 8, 9, and 10 (Nos. 1 to 7, inclusive, not presented in brief), complaint is made of the action of the trial court in overruling appellant's special demurrers to plaintiff's petition, assigning the following reasons: First, because said petition shows on its face that the injuries received by Ira Broughton were so received while he was upon the railway track of the Gulf, Colorado & Santa Fé Railway Company, and not upon the property or premises of appellant, and that if either of said railway companies is liable for such injuries the Gulf, Colorado & Santa Fé Railway Company, and not the appellant, is so liable; and, second, that said petition shows on its face that the injuries received by Ira Broughton were caused by his own gross carelessness and contributory negligence.

We have concluded that each of the questions raised by the foregoing assignments was correctly decided adversely to appellant on the former appeal of this case, and, having so concluded, we adhere to the opinions there expressed, and overrule the assignments here presented.

Assignments 11 and 12, complaining of the argument of counsel for appellee, are overruled. The argument was permissible as a reply to argument of counsel of appellant, if not otherwise admissible.

[1] Assignment 13 is in effect an assertion that the finding of the jury, in answer to special issue No. 1, that betterments and permanent improvements were made upon and for the benefit of properties of the appellant company by the receiver, Frank Andrews, out of the earnings of said properties while in his hands as receiver, in excess of the amount sued for by the plaintiffs, is without evidence to support it, and therefore forms no basis for a judgment against appellant.

We think the application of receiver, Frank Andrews, for the issuance and sale of receiver's certificates, embodying a statement that he had paid out of the earnings of the properties in his hands for ballast a sum in excess of $115,646, which statement was approved by the judge of the court in which the receivership was pending, and which was introduced in evidence without exception, was sufficient evidence upon which to base the finding of the jury complained of. We also think such evidence may be taken as prima facie proof of such payments, and in the absence of any attempt on the part of appellant to show that no betterments were made by the use of the earnings of the properties, the jury was justified in finding the same were so made. We also think that there were other facts disclosed by the Exhibit B, attached to the application so introduced in evidence, which tended to show that betterments had been made to the properties in question out of the earnings of the same. We therefore overrule the thirteenth assignment.

By assignments 14 to 21, inclusive, it is insisted that the answers of the jury to spe-

cial issues 2 to 10, inclusive, hereinbefore set out, were not supported by any evidence, and therefore formed no basis for the judgment rendered. We have carefully reviewed the evidence, and have reached the conclusion that there was ample evidence to support each and all of the answers of the jury to the issues submitted.

[2] Witness J. C. Carrington was permitted to testify, over the objection of counsel for appellant: First, that he had lived in Bay City since 1895 or 1896, and that he knew that Avenue J of said city had been used by the common public for travel ever since he lived there; second, that there was a baseball park located just east of the Santa Fé Railway track, just south of the Southern Pacific tracks to the north of Seventh street, and that the general public used Avenue J in going from the city to said baseball park; third, that he knew that Tom Carlton was the agent of the Gulf, Colorado & Santa Fé Railway Company at Bay City for a number of years, and that one Warner is the present agent of said railway company. The admission of this testimony is made the grounds of the twenty-second, twenty-third, twenty-fourth, and twenty-fifth assignments. Without setting out the reasons assigned by appellant for its complaint of the evidence, we shall content ourselves by saying that all the testimony complained of was both relevant and admissible for purposes offered.

Assignments 26 to 33, inclusive, are complaints of the admission of certain parts of the testimony of several witnesses. We conclude that all of the testimony objected to was clearly relevant and admissible, and that the objections urged to its admission were frivolous and wholly without merit. We shall therefore decline to discuss the assignments in detail. All of them are overruled.

The undisputed evidence shows that a plat of the city of Bay City was made and recorded in 1894, and that an addition thereto was platted and recorded in 1895. These plats show the streets, avenues, and alleys as laid out, which includes Avenue J on which the railway now owned by the Gulf, Colorado & Santa Fé Railway Company was erected about the year 1901. The undisputed evidence also shows that certain lots were sold to various parties with reference to said recorded plats, the deeds thereto calling for the streets, avenues, and alleys shown by said plats; that such sales were made long prior to any conveyances under which the Gulf, Colorado & Santa Fé Railway Company claim, and that some of the lots sold to some of said purchasers fronted on Avenue J as shown on said plats.

[3] After this evidence was introduced appellant offered in evidence certain conveyances evidencing the right of said railway company to construct and operate a railroad upon and along said Avenue J. The admission of these conveyances in evidence was refused by the court as being immaterial to any issue in the cause. Appellant has made such refusal the ground of its assignments 34 to 38, inclusive. These assignments cannot be sustained. While the railway had the right, by reason of the conveyances to it, to construct and operate its railroad upon and along said Avenue J, it did not have the right to exclude the public therefrom. Neither could it operate its trains in and upon its tracks in such negligent manner as to injure persons traveling along said avenue without incurring liability for such injury. The evidence offered was irrelevant and immaterial to any issue in the cause, and the court did not err in so holding, and in refusing its admission.

[4] By assignments 39 to 43, inclusive, complaint is made of the action of the court in admitting in evidence five certain deeds executed in the years 1896, 1897, and 1898 by those then owning the unsold lots, blocks, etc., in the city of Bay City, as shown on the plats of said city, to five several parties, by which certain lots adjacent to and bounded by Avenue J and other avenues and streets of said city were conveyed to said parties, said deeds having been executed prior to the acquisition of any rights of the predecessor or vendor of the Gulf, Colorado & Santa Fé Railway Company to occupy any part of the streets or avenues of said city. These several assignments, while not grouped as one assignment in appellant's brief, are so arranged therein as that one follows the other in regular order. None of these assignments are submitted as a proposition within itself, nor is there a proposition under either or all of them as a group. We are therefore not advised what legal objection appellant interposes against the introduction of said deeds, and we are unable to perceive any reason why such deeds were not admissible in evidence, unless it be that such evidence was immaterial and could in no way affect the proper disposition of the cause. If it was immaterial, and for that reason only not admissible, the error in admitting it would at most constitute harmless error for which we could not reverse the judgment rendered.

We overrule assignments 44 and 45, complaining of the admission in evidence of the report of the master in chancery, A. L. Jackson, and the order of the judge, W. T. Burns, with reference to said report; such report and order relating to matters of expenditure made or to be made by Frank Andrews, receiver, upon the properties of appellant while the same was in his hands as receiver. The evidence was admissible.

Assignments 46 and 47 are as follows:

Assignment 46. "The court erred in receiving the verdict of the jury and entering judgment

thereon, because the special issues in this cause were not signed by ——— Garnett, the foreman appointed by this court, but were signed by ——— Anderson as foreman."

Assignment 47. "The court erred in receiving the verdict of the jury in this cause and entering judgment thereon, for the reason that each of the answers to the special issues submitted to the jury were not signed by the foreman of the jury as required by law."

It is stated that these two assignments are each submitted as a proposition. They are not followed by any independent proposition, nor by any intelligible statement. We do find, however, that the verdict of the jury was signed, "R. Lee Anderson, Foreman," and we fail to find from any statement, except the forty-sixth assignment, that the trial court did the unusual act of appointing a foreman of a trial jury. We overrule both both of said assignments.

By the forty-eighth assignment it is, in effect, insisted that the court erred in receiving the verdict of the jury and rendering judgment thereon for the following reasons:

First. That one J. H. Pile, who had been accepted and sat as a juror in the trial of this cause, was not at such time a qualified juror, in that he had not at such time been a citizen of the state of Texas for a sufficient length of time to qualify him to sit as a juror in the case, and, as he was disqualified, 11 qualified jurors only were left to try the case.

Second. That no cause can be legally tried in a district court of the state with a jury composed of less than 12 jurors, without the consent of both parties to the suit.

Third. That said Pile had been accepted by appellant after he had on his voir dire stated that he was a citizen of the state of Texas, and a qualified voter of Matagorda county, Tex., and otherwise qualified himself as a juror; and

Fourth. That as the trial jury in this case was composed of only 11 qualified jurors, the verdict was not returned as required by law, in that such verdict was not signed by the 11 qualified jurors sitting in trial of the case.

J. H. Pile, on motion for new trial, testified for defendant:

"I am the J. H. Pile, who was impaneled as a juror in the cause of W. H. Broughton et al. v. Gulf, Colorado & Santa Fé Railway Company et al., tried in this court at this term. I left Texas the 4th of this January 2 years ago. I made application for a homestead in Colorado, but I never got a hearing, so I came back. I filed a claim which was improved and which improvements I had purchased. When I did not get a hearing on my application I sold the improvements and came back to Texas. If my application had been granted I would have remained in Colorado. I returned to Texas the 10th day of last June, 1917. I stopped in Ganado, Jackson county; came from there to Matagorda county. I was summoned as a talesman

on this jury. When the court examined me as to my qualification as a juror I told the court I was a qualified voter. I thought I was. When the verdict was returned I advanced to the judge's stand; you as attorney for the defendant called me. You asked if I voted when I was in Oklahoma. I said: 'No, sir; I was not there long enough.' Then you asked if I had been in Texas 12 months, and I said: 'No, sir, I have been here about 9 months.' That was all that was said. Mr. Gaines during that conversation did not say anything about him knowing I had gone, but the next morning I asked him why he did not ask me the question before I qualified. I said, 'You knew I had not been back 12 months,' and he said, 'It slipped my memory; that I didn't think about it; I ought to have known it, but I didn't think about it.' When the case was submitted to the jury and we had retired to consider our verdict, the entire 12 was in favor of a verdict for plaintiff. The difference in the sum was all the argument that we had. Every other point except the amount was agreed to; some wanted less and some wanted more; some wanted twice as much as I demanded; some wanted as low as $2,500, but I did insist on $7,500, which was finally passed."

Mr. Gaines for plaintiff, testified:

"I knew that Mr. Pile had left the state of Texas; I didn't remember the exact time, and I knew that Mr. Pile had returned to the state of Texas, and I didn't know at what time. I want to state further that when Mr. Pile answered the question propounded by the court on his voir dire it never occurred to me at all that he had not been back in Texas long enough to qualify as a voter, because I have known Mr. Pile so long and so well that it never occurred to me that he could be mistaken about that; and I never heard of nor knew that there was a possible question until after Mr. Fitzmaurice called and stated that the judge would receive the verdict at 7 o'clock, and it was suggested to me by some one, and the first opportunity I had I investigated the matter in the presence of the court and counsel, and then, and then only, I knew that Mr. Pile had not returned to the state for a sufficient length of time to become a qualified juror."

[5] We think the testimony of J. H. Pile shows that he was in fact a qualified juror. It shows that he left the state of Texas after having been a citizen thereof for a number of years, and went to the state of Colorado with the intention of becoming a citizen of the latter state if he was able to procure a home there, but his testimony further shows that he failed to procure a home in said state, and that he returned to Texas without having become a citizen of the state of Colorado, and resumed his residence in Texas. However, if we are mistaken in our conclusion as above expressed, still we cannot sustain the assignment, because the statute requires all challenges to the array or to an individual juror to be made before the jury is impaneled. It was the duty of appellant to have informed itself as to the qualification of the juror, so as to have made the objection at the proper time. We think it well settled

that an objection to a juror on the ground of disqualification cannot be heard when made for the first time after verdict. I. & G. N. Ry. Co. v. Woodward, 26 Tex. Civ. App. 389, 63 S. W. 1051; Waggoner v. Porterfield, 55 Tex. Civ. App. 169, 118 S. W. 1094; Rice v. Dewberry, 93 S. W. at page 718; Newman v. Dodson, 61 Tex. 96; Schuster v. La Londe, 57 Tex. 29; Blanton v. Mayes, 72 Tex. 421, 10 S. W. 452.

In the case of Rice v. Dewberry, supra, it is said:

"It seems to be settled that an objection that a juror who sat in the trial of a cause was not a qualified juror comes too late when not made until after the verdict has been returned. The rule is not made dependent upon the question of negligence on the part of the complaining party in not sooner discovering the fact of disqualification, but seems to be absolute, and doubtless rests upon reasons of public policy which require that objections going to the qualification of jurors shall be made before the return of the verdict, in order to prevent the possibility of a party to a suit, after he has discovered that a juror is disqualified, taking chances on a verdict in his favor and in such case concealing the fact of the disqualification of the juror, and, if the verdict is otherwise, taking advantage of such irregularity for the purpose of obtaining a new trial."

Another reason for overruling this assignment is that the undisputed evidence shows that Mr. John W. Gaines, leading counsel for appellant, had been notified that the juror Pile was probably not a qualified juror before the verdict was returned, and that he was also notified of the hour at which the court would receive the verdict; and still, with such notice, he waited until the verdict had been returned before he told the court of his information regarding the supposed disqualification of the juror.

By assignments 49 and 50 it is in effect insisted that the court should have instructed a verdict for the defendant because there was no evidence to sustain a judgment for the plaintiffs. These assignments are overruled.

By assignments 51 to 72, inclusive, insistence is made that the court erred in refusing to submit to the jury each of the 22 special charges requested by appellant, and by assignments 73 to 89, inclusive, every section or paragraph of the court's charge is attacked as being erroneous for various reasons. We have carefully examined and considered the charge of the court, set out in the first part of this opinion, and also each of the special charges requested by defendant and refused by the court, and have reached the conclusion that the court by its main charge sufficiently defined the terms "negligence," "proximate cause," and "contributory negligence," as used in the charge, and by special issues submitted fairly and fully to the jury every issue necessary to be determined or found by the jury. We

therefore further conclude that there was no error committed in refusing the requested charges.

The judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

Counsel for appellant has filed its motion for rehearing, and therein complains of that portion of the original opinion wherein it is said:

"After having devoted 222 pages of his brief of 229 pages to a discussion of all and each of these (80 or more assignments) he has on page 223 stated that there is in fact only three assignments which present anything more than minor or immaterial error."

It is insisted that this statement is incorrect, and it is asked that same be corrected so as to show just what in fact was said on page 223 of the brief.

On page 220 of the brief it is said:

"There were other errors which, however, do not in our view, require any extended argument, because, in our view, the case must inevitably be reversed: First, because the facts do not show liability on the part of Frank Andrews, receiver; second, the liability, if any, is not shown to have been fixed upon the company; and, third, because of the fact that J. H. Pile, one of the jurors, was not a competent and qualified juror in this case."

Reference was then made to certain proceedings of the trial court, such as the exclusion of certain evidence with reference to the earning capacity of the injured boy, Ira Broughton, the medical bill of an attending physician, etc. Then on page 223 it is said:

"These several errors are all minor errors and not decisive of the cause, but, believing that this case will necessarily be reversed, we respectfully urge the court to properly instruct on these points."

It is apparent that the word "immaterial" used in that portion of the opinion quoted is not found in the statement on page 223 of the brief, and appellant's counsel is justified in the contention that he has not admitted that all of his assignments except the three mentioned were immaterial. We can account for the use of the objectionable word only upon the theory that the writer of the opinion was so strongly impressed with the idea that most of the assignments were frivolous and without any material merit that he inadvertently made use of the word "immaterial." Rule 35 for the Courts of Civil Appeals (142 S. W. x) reads as follows:

"When the assignments of error are numerous, counsel should present propositions on those which are most important in the determination of the case, waiving those that cannot control the result of the decision in this court—amongst which may be called those involving questions of fact, wherein the evidence is so preponderating or so conflicting as that the court, under

well-established rules of decision, would not set aside the verdict of the jury or judgment of the court upon them."

It was not the purpose of the writer to make an unjust criticism of the brief of appellant, but in view of what we consider a tacit admission on the part of the writer of the brief that he had violated the rule above quoted, and in view of the fact that the time of this court is too often consumed by being required to wade through much frivolous and immaterial matter presented in briefs filed in this court, we thought it not out of place to admonish litigants that the rules of this court should be observed, to the end that it might more speedily dispose of the business before it.

It is also insisted in the motion for rehearing that this court erred in stating that none of the assignments 39 to 43, inclusive, are submitted as a proposition within itself, nor is there under any, or all of them as a group, such proposition. In so far as we stated that none of the assignments were submitted as a proposition, we find we erred. We overlooked the fact that at the conclusion of these assignments the following words appear: "The foregoing is submitted as a proposition." We do not think, however, any one of the assignments within itself constitutes a proposition, and the mere statement that it is presented as such does not make it a proposition. We were correct in stating that the assignments as a group were not followed by any proposition. However, if we were in error in all the particulars pointed out in the motion, it was harmless error, as we did pass upon the complaint sought to be raised by each of the assignments.

Having made the corrections as above indicated, the motion is overruled.